## TURRENTINE, Adm'r, vs. PERKINS et al.

[BILL IN EQUITY TO TRANSFER SETTLEMENT OF ESTATE FROM PROBATE TO
CHANGERY COURT, AND FOR DIRECTIONS, &C.]

1. *Purchaser at judicial sale; when liable for interest on arrears of inter-
est.*—Where, in execution of an ante-nuptial agreement that the wife
should have one-third of all the real and personal property her hus-
band should die seized and possessed of, during her life or widowhood,
in lieu of her dower and distributive share, the chancery court, with
the consent of the widow, decreed a sale of the lands of the deceased
husband, free from any claim of the widow, and prescribed as a part of
the terms of sale that one-third of the price should be payable on the
termination of her life or widowhood, but the interest thereon should
be annually paid to her,—*Held,* that the purchaser was liable to her for
interest on the arrears of interest.

2. *When receipt of Confederate money by trustee, to whom note at such sale
is made payable, will not amount to payment.*—In such a case, though
the note for the purchase-money was taken payable to the register, he
was not authorized to bind the beneficiary without her consent, or to
acquit the debtor, by receiving Confederate currency in payment of
any part of the interest.

APPEAL from the Chancery Court of Limestone.
Heard before Hon. Wm. Skinner.

The facts are fully stated in the opinion.

Houston & Pryor, for appellant.
David P. Lewis, *contra.*

(No briefs furnished the Reporter.)

B. F. SAFFOLD, J.—The bill was filed by the appel-
lant to transfer the settlement of the estate he represented
to the chancery court, and to procure necessary instructions
for the proper performance of his duties. Among other
matters involved, was the liability of the estate to the ad-
ministrator of Mrs. Webb, and the register in chancery, as
her trustee.

There was an ante-nuptial agreement between Mrs. Webb and her husband, John Webb, that in lieu of her dower interest and distributive share of his estate, she would take a third interest in all of his real and personal property he should die seized and possessed of, during her life or widowhood. In pursuance and execution of this agreement, she and the administrator of her husband, and his heirs and distributees, agreed that the said property should be sold, and one-third of the proceeds of the sale should be assigned to her use as aforesaid. They applied to the chancery court for assistance, and obtained a decree under which all of the lands of the estate were sold free and discharged from all claim and right of the widow. The purchase-money was to be paid in three annual installments, the first two of which were to be paid at maturity for the benefit of the estate. The last, though to be due nominally at a specified time, was in fact to be payable on the termination of the life or widowhood of Mrs. Webb, but the interest upon it was to be paid annually to the register for her use. The note itself was made payable to him. A. S. Perkins, the appellant's intestate, was the purchaser of all the lands, and gave his notes therefor, with security, in pursuance of the decree of sale.

In 1862, a few days before the federal forces occupied Lauderdale county and North Alabama, he made payment of about one year's interest, in Confederate currency. The register received this currency, but Mrs. Webb refused to do so, and it was not used for her benefit. No further payments of interest have been made. On the hearing of the cause, the chancellor refused to allow the estate of Perkins a credit for the Confederate currency, and also charged it with interest on the annual interest due on the said last note, which had not been paid at maturity. The appeal is taken from the decree in these two respects.

It is contended for the appellant, that his intestate was only responsible as purchasers at judicial sales usually are, and according to the tenor of the note which he was required to give. This note is for $10,468.26, payable Janu-

ary 1st, 1861, with interest from January 1st, 1858, payable annually.

Generally, the interest falling due annually upon a debt does not bear interest, but in estimating what the creditor is entitled to receive, the accumulated interest, without rests, is simply added to the principal. It will be remembered that the interest of Mrs. Webb in this note was in lieu of her dower in the lands for which it was in part given. She had no property in the principal sum, but only in the interest accruing during her life or widowhood.

Where land to which the right of dower has attached, has been aliened by the husband, and an assignment of dower by metes and bounds would be unjust, the widow is dowable of the value of the land at the time of the alienation, the interest on one third part thereof to be paid to her annually during her life.—Revised Code, § 1641. In *Ware v. Owens*, (42 Ala. 212,) this court, construing the section referred to, held the widow entitled to interest on the annual interest from the time it was payable. We approve of the construction as entirely consonant with equity and justice.

The same rule was applied in a similar case in *Beavers & Jemison v. Smith*, (11 Ala. 32,) the court holding the principle to be the same as in cases of annuities for maintenance, where interest on the arrears is allowed.—*Newman v. Auling*, 3 Atk. 579.

An annuity is a yearly sum stipulated to be paid to another in fee, or for life, or years, and chargeable only on the person of the grantor.—Co. Litt. 144b. The purchase of an annuity is not usurious, and may be specifically enforced.—3 Pars. Cont. 111, *n. g.*, 139, 368, 369, 374. The contract of the decedent, Perkins, was of this nature. As he was bound to know the authority under which the sale was made, so must he be held to a knowledge of the terms. The stipulations of the decree of sale were a part of the contract, and to these he assented. There was no error on this point.

The register was only a *quasi* trustee, and had no au-

thority to bind Mrs. Webb or acquit Perkins by his receipt of the Confederate currency—*Aicardi v. Robbins*, 41 Ala. 541.

The decree is affirmed.