# Richmond.

## WILLCOX AND OTHERS v. WILLCOX AND OTHERS.

### March 14, 1907.

1. EXECUTORS AND ADMINISTRATORS—*Annuity—Demand—Laches—Case in Judgment.*—A will by which a testator gave to his daughter an annuity for five years was admitted to probate in October, 1878. In November, 1879, she demanded payment of the first installment, but it was refused because the estate was largely indebted and delay in settlement was unavoidable. In 1880 the executor filed his bill asking a construction of the will and the administration of the estate under the direction of the court. The estate, exclusive of certain property loaned to the testator's widow for life, was insufficient to pay his debts. The cause continued on the docket until 1905, when the daughter filed her answer demanding the payment of her annuity, with interest. Among other defenses to her claim was that of laches. There was no death of parties, loss of evidence, or change of conditions alleged in support of the defense.

   *Held:* The daughter was not guilty of laches in asserting her claim.

2. WILLS—*Annuity—Duration—Interest—Case in Judgment.*—Under the terms of the will in this case the annuity given by the testator to his daughter continued only for a period of five years. The annual payments not having been made, she is entitled to interest on each annual payment from the time it became due and payable.

3. WILLS—*Construction—Case in Judgment—Annuity—Out of What Payable.*—The intention of the testator is to be gathered from the whole will, and, when ascertained, it becomes the law of the case unless it violates some positive rule of law. In the case in judgment, the testator directed the payment of an annuity for five years to his daughter out of his estate other than that loaned to his wife for life or widowhood, and further directed that, upon the death or marriage of his wife, the property loaned to her should be sold and the proceeds divided equally among all his children, including said daughter. Looking to the will as a whole, it is manifest that the annuity to his daughter was not to be paid out of the property loaned to his wife.

Appeal from a decree in chancery of the Circuit Court of Charles City county. Decree for one of defendants. The complainants and some of the defendants appeal.

*Reversed.*

The opinion states the case.

*Christian & Christian, Thomas H. Willcox* and *Stuart G. Christian,* for the appellants.

*John A. Lamb, J. F. Nance* and *Samuel A. Anderson,* for the appellees.

KEITH, P., delivered the opinion of the Court.

This case arises out of the construction of the will of James M. Willcox. So much of which is necessary to the determination of the question before us is as follows:

"Fourthly. I loan unto my wife, Virginia C. Willcox, during her natural life, or so long as she remain my widow, my farm Buckland, on which I now reside, together with the tract of land adjacent thereto called and known as the 'Bog tract'; also my household and kitchen furniture, farming implements, machines, and so forth, on the Buckland farm; also my stock of horses, cattle, mules and hogs on the said farm, and all other personal property thereon, except such as in the judgment of my said wife will not be necessary for the cultivation of the farm. . . . .

"Sixthly. I desire my executrix or executor hereinafter named to sell all the rest and residue of my estate, both real and personal, upon such terms as he or she shall deem most judicious and to the interest of my estate, and out of the proceeds of such sale pay my debts; and in order to prevent a sacrifice of my real estate, I hereby authorize and empower my executrix or executor hereinafter named, the one acting as such, to borrow such sums of money as may be needed to pay my

debts by giving a bond or bonds and executing a trust deed or trust deeds upon said real estate to secure the payment of the sum of money so borrowed; but the sale of such real estate shall not be delayed for a period longer than five years after my death.

"Seventh. I give and bequeath unto my daughter, Susan Page Willcox, the sum of one hundred dollars annually until a sale and division of the proceeds of the sale of my real estate herein directed to be sold—that is, the real estate other than that loaned to my wife by the fourth clause of this will; said sum of one hundred dollars I desire my executrix or executor hereinafter named to pay to my said daughter each and every year until such sale and division.

"Eighthly. Whatever of my estate shall remain after the payment of my debts and the special legacy hereinbefore bequeathed to my daughter, Susan P. Willcox, excluding the property loaned to my wife by the fourth clause of this my last will and testament, I desire equally divided among my six children, viz: Susan Page Willcox (and others, naming them) . . . .

"Ninthly. I will and desire that the property, both real and personal, loaned to my wife by the fourth clause of this my last will and testament, or such part of the personal property as may remain, or such as has been substituted in place thereof, upon her marriage or death, be sold, and the proceeds arising therefrom be equally divided between my six children last above named, with this proviso, that should any of the said children die before coming into the possession of the property bequeathed to them by this my last will and testament, without issue, and not having disposed of such property, either by deed or will, I desire the interest of the one so dying to revert to and become a part of my estate and be divided among the survivor or survivors of my said six children, the descendants of any so dying taking the share or shares that their deceased parents would take if living. . . .

This will was admitted to probate in October, 1878. In June, 1880, the executor, Robert W. Willcox, filed his bill, asking for a construction of the will, and that the estate committed to his charge be settled under the direction of the court. All proper parties were made, and the cause proceeded in with respect to matters not affecting the questions before us until April 20, 1905, when Susan Page Willcox filed her answer, in which she sets forth that no part of the legacy to her has been paid, and exhibits with her answer a letter to the executor, dated November 29, 1879, reciting her necessities, and asking the payment of what was due to her. To this letter the executor replied that he was satisfied that the estate of his decedent would not pay its liabilities, that the debts must first be provided for, and that it was to the interest of all to delay the sale of the real estate; and thus matters stood until the filing of her answer, which demands the payment of the annuity bequeathed to her by her father's will, with interest upon the annual sums of which it is composed from their respective dates, and claims that it constitutes a charge upon the entire estate of her father after the payment of his debts.

The Circuit Court decreed in her favor, holding that the bequest to her was a demonstrative legacy, which was to be satisfied out of the general estate when the property pointed out for its payment proved to be inadequate, and that interest should be allowed upon the respective items of the annuity as they respectively became due. From that decree an appeal was taken by certain parties in interest.

It is claimed on behalf of the appellants that the appellee, Miss Willcox, was guilty of laches.

Without discussing the evidence upon the subject we deem it sufficient to state that she made a demand upon the executor within a reasonable time; that he declined to comply with her request for payment and assigned reasons for it, which was an assurance upon his part that delay in settlement of the estate committed to his charge was not only unavoidable, but that it

would be beneficial to all parties interested in it. It further appears that the estate during the whole of this period was under the control of the court; that the property outside of that which was held by the widow for life was not more than sufficient to pay the debts of the estate; and that none of the conditions, such as death of parties, loss of evidence or change of conditions, which are usually relied upon in aid of lapse of time in support of the charge of laches, exist in this case.

We are further of opinion that there is no error in the decree of the Circuit Court in ascertaining that "the five years' limit fixed for the sale of his real estate was the period intended by the testator during which his daughter, Susan, was to receive the annuity of $100, and that the annuity terminated at that time, and that in August, 1883, the estate owed the annuitant $500 of principal"; nor do we think there was error in so much of the decree as allowed interest upon the several items composing this sum of $500 from the end of the year at which each was payable.

In 2 Am. & Eng. Ency. of Law (2d Ed.) 407, it is said: "The cases are somewhat conflicting upon the question of the allowance of interest on arrears of annuities generally. The English courts seem to be inclined against it, and the courts of the United States in favor of it." The following cases sustain this statement: *Shobe's Exor.* v. *Carr*, 3 Munf. 10; *Thornton* v. *Fitzhugh*, 4 Leigh 209; *Bonham* v. *Bonham*, 38 N. J. Eq. 419; *Welch* v. *Brown*, 43 N. J. Law 37; *Kent* v. *Dunham*, 106 Mass. 586; *Adams* v. *Hefferman* (Pa.), 9 Watts 543; *Brontzman's Estate*, 133 Pa. St. 478, 19 Atl. 564; *Cocke* v. *Meeker*, 36 N. Y. 15; *Stevenson* v. *Axson* (S. C.), Bailey 278; *Marshall* v. *Thompson*, 2 Munf. 412; *Byrne* v. *Edmonds*, 23 Gratt. 200.

We come now to consider whether or not this legacy is to be satisfied out of the general estate.

The intention of the testator is the law of the case, and our duty is to look to the whole will in order to ascertain that intention, and to give effect to it when found, unless it violates

some positive rule of law, of which there is here no suggestion.

Having ascertained the amount of the legacy we need not again refer to the sixth and seventh clauses of the will. The fourth clause is of consequence only as ascertaining the property lent to the wife during her life, reference to which is made in the eighth and ninth clauses of the will, upon the proper construction of which the question before us depends.

In the eighth clause the testator says: "Whatever of my estate shall remain after the payment of my debts and the special legacy hereinbefore bequeathed to my daughter, Susan P. Willcox, excluding the property loaned to my wife by the fourth clause of this my last will and testament, I desire equally divided among my six children, viz: Susan Page Willcox, Robert W. Willcox, Elizabeth Sherred Adams, Augustus C. Willcox, Philip St. George Willcox and Edward Willcox."

It is manifest that the testator intended that the property named in this clause was to be applied in the following order: First, to the payment of his debts; next, to the special legacy bequeathed to his daughter, Susan P. Willcox; and, after the satisfaction of his debts and that legacy, the residue was to be equally divided among all of his six children, including Susan P. Willcox. It is further manifest that by the operation of this clause the property loaned to his wife is expressly excluded; so that, so far as that clause is concerned, Miss Susan P. Willcox can look only to the property of the testator other than that loaned to his wife under the fourth clause for the satisfaction of her legacy, and is excluded by its express terms from having any part of the property loaned to his wife applied to the satisfaction of her claim.

The ninth clause is as follows: "I will and desire that the property, both real and personal, loaned to my wife by the fourth clause of this my last will and testament, or such part of the personal property as may remain, or such as has been substituted in place thereof, upon her marriage or death be sold, and the proceeds arising therefrom be equally divided be-

tween my six children last above named, with this proviso: that should any of the said children die before coming into the possession of the property bequeathed to them by this my last will and testament, without issue, and not having disposed of such property either by deed or will, I desire the interest of the one so dying to revert to and become a part of my estate and be divided among the survivor or survivors of my said six children, the descendants of any so dying taking the share or shares that their deceased parents would take if living."

Here the testator, in language too plain for construction, disposes of the property, real and personal, which was loaned to his wife by the fourth clause of his will. Can it be doubted that he had the right to dispose of it as he saw fit, and can it be doubted that his intention was that, upon the marriage or death of his wife, this property was to be sold and the proceeds were to be equally divided between all of his six children?

It seems to us that the will discloses a manifest intention on the part of the testator to charge all of his estate other than that which he had loaned to his wife with the payment of the legacy to his daughter, to the exclusion of all other objects of his bounty until she was satisfied; and that his intention is equally manifest with respect to the property loaned to his wife—that all of his children should share equally in its enjoyment.

For these reasons we are of opinion that there was error in the decree of the Circuit Court, for which it must be reversed.

*Reversed.*