# Richmond.

## J. EDWARD PRYOR AND OTHERS v. JAMES H. EAST AND OTHERS.

March 22, 1928.

Absent, Burks, J.

1. APPEAL AND ERROR—*Weight of Decision of Lower Court on Question of Fact—Case at Bar.*—In the instant case upon the question of whether a way was one of necessity the chancellor held with the complainants that it was a way of necessity and it is well settled that where the court below has, upon the evidence, determined a question of fact, the appellate tribunal will not overturn its decision, except where there is manifest error or misconduct.

2. PRIVATE WAYS—*Division of Estate—Way of Necessity—Whether Way Used by the Common Owner becomes Attached to the One or Charged upon the Other.*—It would seem that, in case of a division of an estate, consisting of two or more heritages, whether an easement or convenience which may have been used in favor of one, in or over the other, by the common owner of both, shall become attached to the one or charged upon the other, in the hands of separate owners, by a grant of one or both of those parts, or upon a partition thereof, must depend, where there are no words limiting or defining what is intended to be embraced in such deed or partition, upon whether such easement is necessary for the reasonable enjoyment of the part of such heritage as claims it as an appurtenance. It must be *reasonably necessary* to the enjoyment of the part which claims it, and where that is not the case, it requires descriptive words of grant or reservation in the deed to create an easement in favor of one part of a heritage over another.

3. PRIVATE WAYS—*Way of Necessity—Requisites.*—To constitute an easement of necessity a way must be apparent, continuous, and reasonably necessary to the enjoyment of the dominant tract.

4. PRIVATE WAYS—*Division of Estate—Way of Necessity—Whether Way Used by the Common Owner becomes Attached to the One Part or Charged upon the Other—Case at Bar.*—The instant case was a suit to enjoin encroachments on a way claimed by complainants over the estate of respondents. Both complainants' estate and that of respondents

had constituted one estate held by their ancestor, which he directed to be divided at his death between his daughters. It was conceded that the way in question had been used by the testator and his grantor, but it was averred that complainants could build a road over their own land at a reasonable cost. It was clearly established that the easement was apparent, continuous, and reasonably necessary to the enjoyment of the dominant estate. It appeared that complainants, if the roadway was closed, would have to expend about $2,000.00 to build a roadway through what was practically a swamp.

*Held:* That this probable expenditure was sufficient evidence of reasonable necessity, and that the decree of the circuit court enjoining respondents should be affirmed.

Appeal from a decree of the Circuit Court of Accomac county. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Stewart K. Powell* and *B. Drummond Ayres,* for the appellants.

*Benjamin T. Gunter* and *George L. Doughty,* for the appellees.

Campbell, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Accomac county in the suit of James H. East, Maggie L. East, his wife, Herman L. East, J. Howard East and Susie E. Robins, complainants, against J. Edward Pryor and Dolly V. Pryor, his wife, J. Harold Pryor, Lacy Vincent and Eliza Vincent, his wife, respondents, perpetuating an injunction to prevent encroachment on complainants' easement appurtenant to their estate "Wesley" over the estate of respondents.

Complainants in their bill allege that Captain Henry L. Crockett, of the county of Accomac, died seized and possessed of a valuable estate, known as "Wesley," lying and being in said county; that he departed this life testate and by his last will and testament this estate was divided into two parcels, one parcel of which he devised to his daughter, Dolly V. Pryor, for and during her natural life and at her death to her issue; the remaining parcel he devised to his daughter, Maggie L. East, for and during her natural life, and at her death to her issue; that for many years, during the lifetime of the devisor there was a private roadway running from the yard gate of "Wesley," across the farm now owned by respondents, to the county road; that this roadway had been used as an outlet to the county road by their ancestor and his grantor for many years, and had been so used by them until prevented by encroachments recently placed upon same by respondents; that complainants have no other way of reaching the county road, though their land touches same, for the reason that, in order to reach the county road over their own land, it would be necessary to pass through a long section of woodland, much of which is low, and it would be very costly to build a road through this low woodland, and that by reason of these alleged facts they are entitled to this roadway on the ground of reasonable necessity.

Respondents, while conceding that the roadway in question was used, as alleged, by Captain Crockett and his grantor, aver in their answer that complainants can build a road over their own land at a reasonable cost, and that such roadway would enhance the value of their land.

The preponderance of the proof on this question is to the effect that it would cost between $1,200.00 and

$2,000.00, and necessitate the digging of two ditches on each side of the road, three or four feet deep, for an estimated distance of seven hundred and forty-five yards.

[1] The chancellor, upon this question of fact, held with the complainants and it is well settled that where the court below has, upon the evidence, determined a question of fact, the appellate tribunal will not overturn its decision, except where there is manifest error or misconduct. *Womack* v. *Tankersley*, 78 Va. 242.

[2] As to the question of easement, in Washburn on Easements, chapter 1, pages 88–9, it is said: "Although it might perhaps be difficult to embody the leading doctrines of the foregoing cases into any general proposition, it would seem that, in case of a division of an estate, consisting of two or more heritages, whether an easement or convenience which may have been used in favor of one, in or over the other, by the common owner of both, shall become attached to the one or charged upon the other, in the hands of separate owners, by a grant of one or both of those parts, or upon a partition thereof, must depend, where there are no words limiting or defining what is intended to be embraced in such deed or partition, upon whether such easement is necessary for the reasonable enjoyment of the part of such heritage as claims it as an appurtenance. It must be *reasonably necessary* to the enjoyment of the part which claims it, and where that is not the case, it requires descriptive words of grant or reservation in the deed to create an easement in favor of one part of a heritage over another."

In *Sanderlin* v. *Baxter*, 76 Va. 299, 44 Am. St. Rep. 165, the facts were that the owner of two adjoining tracts of land, one of which was higher than the other, drained the former through the latter. Upon the two

tracts subsequently coming into different hands, the owner of the upper tract claimed an easement of drainage through the lower tract. In discussing the principles involved, Judge Burks, Sr., said: "It must be *reasonably necessary* to the enjoyment of the part which claims it, and where that is not the case, it requires descriptive words of grant or reservation in the deed to create an easement in favor of one part of a heritage over another."

[3] In Minor on Real Property, page 127, it is said that to constitute an easement the way must be "(1) apparent, (2) continuous, and (3) reasonably necessary to the enjoyment of the dominant tract." Citing *Scott* v. *Beutel*, 23 Gratt. (64 Va.) 6; *Hardy* v. *Mc-Cullough*, 23 Gratt. (64 Va.) 258; *Sanderlin* v. *Baxter*, 76 Va. 304, 44 Am. St. Rep. 165: See also *Smith* v. *Virginia Iron, Coal & Coke Co.*, 143 Va. 159, 129 S. E. 274.

[4] In the instant case, it is clearly established that the easement was apparent and continuous, and, we think from the proof adduced, that it is reasonably necessary to the enjoyment of the dominant estate. The fact that complainants, if the roadway is closed, would have to expend probably the sum of two thousand dollars to build a roadway through practically a swamp, is of itself sufficient evidence of reasonable necessity to lead us to the conclusion that the decree of the circuit court is plainly right and should be affirmed.

*Affirmed.*