374

# Richmond

ESTHER B. PARSONS v. HARRY E. PARSONS AND OTHERS.

January 14, 1937.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*H. Ames Drummond*, for the appellant.

*Gunter & Gunter, Warner Ames, Jeff F. Walter* and *Stewart K. Powell*, for the appellees.

SPRATLEY, J., delivered the opinion of the court.

On December 1, 1915, the appellant, Esther B. Parsons and others, conveyed to William C. Parsons, Harry E. Parsons and Winnie E. Heath, three of her children, a certain tract of land, "subject to a charge of three hundred dollars ($300.00) per year" thereon, and expressly reserved a lien on the face of the deed for the payment thereof on the first day of each January during the life of the said Esther B. Parsons.

Harry E. Parsons, in May, 1935, brought proceedings in chancery against W. C. Parsons and others, praying for a partition of said land. All of the parties in interest, as well as the lien creditors of the complainant, were made parties defendant. Esther B. Parsons filed her answer, wherein she set up her right to the three hundred dollars, annual payment, and alleged that she had received no part of the said payments since January 1, 1919; and prayed that the said several sums, together with interest thereon, be paid to her from the proceeds of the sale of said tract of land.

Trustees, under a deed of trust executed by W. C. Parsons, on September 11, 1931, for the benefit of certain creditors, likewise filed an answer, contesting the amount due Mrs. Parsons. The answer of these trustees admitted that they had no means of knowing what payments had been made on the reserved lien; but alleged that since W. C. Parsons, prior to 1930, was amply able to take care of the annual payments, there was a presumption of payment.

· The commissioner in chancery appointed to take an account of the liens against the said land reported simply, with reference to this claim, that the conveyance of the land "was made subject to the payment of three hundred dollars annually to Esther B. Parsons during her life, and the payment of this sum was made a charge against the two hundred and six and one-quarter acre tract referred to herein. No testimony was taken before me as to how much, if anything, is now due to Esther B. Parsons, on account of the annuity above-mentioned." The testimony returned with this report does not touch upon this claim. Other evidence, in the form of depositions, was taken solely upon the question as to whether or not the annual payments of three hundred dollars a year had or had not been made. Upon that evidence the trial court decided the issue of fact in favor of Mrs. Parsons, and found her to be entitled to receive four thousand, five hundred dollars, covering fifteen annual instalments due and unpaid from and after January 1, 1921, inclusive, but declined to allow interest on said sum or any part thereof.

The tract of land was sold in these proceedings in March, 1935, for the sum of eleven thousand, five hundred and fifty dollars. Mrs. Parsons was eighty-three years old in November, 1935, and consequently she was sixty-three years of age when she made the deed December 1, 1915.

So much of the language of the deed for the land as we are concerned with is as follows:

. "That in consideration of the sum of One Dollar ($1.00) and other valuable considerations in hand paid to the said parties of the first part by the parties of the second part * * * and especially in consideration of the natural love and affection which the grantor, Esther B. Parsons, has for the grantees, William C. Parsons, Henry E. Parsons and Winnie E. Heath, the said parties of the first part do grant, unto the said parties of the second part, with general warranty subject to a charge of Three Hundred Dollars ($300.00) per year to be paid by the said William C. Parsons, Henry E. Parsons and Winnie E. Heath to the said Esther B. Parsons on the first day of each January, during the life of the said Esther B. Parsons,

all that said tract * * * . (Here follows the description of the land.) It is expressly agreed and understood that the annuity of Three Hundred Dollars ($300.00), to the said Esther B. Parsons is a lien upon the real estate hereby conveyed."

The only error assigned by the appellant is to the refusal of the court to allow interest on the sum found due and payable, from the time when it became due and payable.

The appellees assign cross-error to the action of the trial court in holding that Mrs. Parsons had not received the annual payments since January 1, 1921.

An examination of the evidence discloses that Mrs. Parsons testified that she had not received any of the annual payments since January, 1919, and W. C. Parsons, one of the grantees in the deed, who was to see or "attend to the business of paying same," admits in writing that no such payments were made. No person was produced to testify that the payments were made. Representatives of the creditors, however, appear to strongly suspect some payment because of their belief of the solvency of W. C. Parsons until 1931. The record further shows that W. C. Parsons, in 1931, not only executed a deed of trust to secure an indebtedness aggregating more than one hundred and thirty thousand dollars, but that there were two judgments rendered against him during that year for an amount in excess of twenty-seven thousand, five hundred dollars. There is also evidence to the effect that W. C. Parsons was so badly in need of funds that he actually borrowed money from his mother, Mrs. Esther Parsons, during the years prior to that time.

On the whole evidence, we think there is sufficient proof that no annual payments had been made on or subsequent to January 1, 1921. But even if the evidence be conflicting, the judgment of the trial court has settled this question of fact. This has been the salutary rule in numerous decisions of this court. *Pryor et als.* v. *East et als.*, 150 Va. 231, 142 S. E. 361.

Appellees contend that the language of the deed creates either a rent charge, or an annuity, and that, without an ex-

press agreement therefor, interest is not allowable on delayed payments of either.

At common law interest was not allowed on rent in arrears except in special circumstances. Now by a statute, which we have had for many years, Virginia Code 1936, section 5519, it is provided:

"In any action for rent, or for such use and occupation, interest shall be allowed as on other contracts."

The language of the deed does not show any indication to require the charge or lien against the land to be paid out of the land's rent or production. Nor do we think that the payments here cover rent charge, since the dominant characteristic of such charge, according to all of the authorities, is the right of distraint, and that right does not exist here. 2 Am. Jur. page 818; 2 R. C. L. 3; *Lynch* v. *Huston*, 138 Mo. App. 167, 119 S. W. 994, 995.

While we have found no definition of an annuity by this court, it is thus defined in II Minor's Institutes, page 37:

"An annuity is a right to receive a yearly (or periodical) sum, in fee simple, for life, or for years, and chargeable on the *person of the grantor*."

Other courts and text writers give a definition substantially the same. It has, however, been used in a broader sense, and has been extended to include a sum payable periodically which may be charged on land. 2 R. C. L. 23; Corpus Juris 200; 2 Am. Jur. page 818.

An annuity is usually a grant to another with a liability on the grantor for the payment of same. The fact that the payment thereof may also be secured by a lien or mortgage on land has been held not to change its nature. *Lynch* v. *Huston, supra*.

The case before us is distinguished from the usual definition of an annuity by the fact that the charge for the payment is the reservation of a lien against the land. It is not chargeable against the person of the *grantor*, but only against the *land of the grantees*. There is no covenant upon the part of the grantees to pay same. Subsequent grantees of the land would necessarily take same subject to the lien reserved.

Nor could the subsequent grantees be held personally liable for the payment of same, but Mrs. Parsons still could look to the land for payment. The charge against the land is very similar to that of a vendor's reserved lien. The payment, therefore, constitutes an annuity only in the general sense that the sum is made payable annually.

"In this country the weight of authority supports the conclusion that interest upon arrearages of the annuity is recoverable from the time the instalments of the annuity become due and payable." 2 R. C. L. 10; 2 Am. Jur. page 829.

The following Virginia cases approved the allowance of interest on annuities where there was no agreement to pay same:

*Thorntons* v. *Fitzhugh*, 4 Leigh (31 Va.) 209; *Byrne and wife* v. *Edmonds*, 23 Gratt. (64 Va.) 200; *Marshall* v. *Thompson*, 2 Munf. (16 Va.) 412, and *Willcox et als.* v. *Willcox et als.*, 106 Va. 626, 56 S. E. 588, 589.

Keith, P., in delivering the opinion of the court in the latter case, said:

"In 2 Am. & Eng. Ency. of Law (2d Ed.) 407, it is said: 'The cases are somewhat conflicting upon the question of the allowance of interest on arrears of annuities generally. The English courts seem to be inclined against it, and the courts of the United States in favor of it.' The following cases sustain this statement: *Shobe's Ex'rs* v. *Carr*, 3 Munf. (17 Va.) 10; *Thorntons* v. *Fitzhugh*, 4 Leigh (31 Va.) 209; *Bonham* v. *Bonham*, 38 N. J. Eq. 419; *Welsh* v. *Brown*, 43 N. J. Law 37; *Kent* v. *Dunham*,106 Mass. 586; *Adams* v. *Heffernan*,9 Watts (Pa.) [529], 543; *Brotzman's Estate*, 133 Pa. 478, 19 A. 564; *Cooke* v. *Meeker*, 36 N. Y. 15; *Stephenson* v. *Axson*, Bailey [Eq. (S. C.) 274] 278; *Marshall* v. *Thompson*, 2 Munf. (16 Va.) 412; *Byrne* v. *Edmonds*, 23 Gratt. (64 Va.) 200."

See also, *Turrentine* v. *Perkins*, 46 Ala. 631; *Stringer* v. *Stephens' Estate*, 146 Mich. 181, 109 N. W. 269, 117 Am. St. Rep. 620, 8 L. R. A. (N. S.) 393, 10 Ann. Cases 337.

Appellees rely upon *Savage* v. *Savage*, 141 F. 346, 3 L. R. A. (N. S.) 923 (C. C. A. 4).

This was a case in bankruptcy, and the question of the

allowance of interest on an annuity was only one of the questions. The majority opinion refers to the citation from Am. & Eng. Ency. of Law, *supra*, and to the Virginia case of *Adams' Adm'r* v. *Adams' Adm'r*, 10 Leigh (37 Va.) 527.

In the *Savage Case*, the husband granted an annuity or a gift to his wife for the future support of herself and children. The payments became in arrears for six years, but during the same period in which the arrearages were accumulating, the wife continued to live with her husband and was supported and maintained by him.

The court held that, under such circumstances to impose an addition of interest on the support, which was otherwise provided, would put a penalty on the husband and prejudice his creditors.

In the case of *Adams' Adm'r* v. *Adams' Adm'r*, *supra*, referred to in the opinion, the annuity was payable out of the rents and profits of property, real and personal, which the testator directed should be set apart by the executors. The rents and profits as well as the principal of the estate, were wasted by the executors, and an effort was made to charge the claim to interest on other property accruing after the death of the annuitant. The annuity was allowed, but under the peculiar circumstances of that case, no interest was allowed thereon against the estate. The court, however, held that there was no doubt of the personal liability of the executors to pay the interest on the annuities in arrears. The executors had collected, used and wasted the rents and profits arising out of the property against which the annuity was chargeable.

There are no such circumstances in the case before us, nor any provision made for the payment of the annuity out of the rents or profits issuing from the estate charged with the payment thereof.

The case of *Lynch* v. *Huston*, *supra*, does not touch on the question of the payment of interest upon an annuity. The opinion in that case makes a distinction between a rent charge and an annuity. It held that where the deed of conveyance contained the words—"the grantee, Wm. G. Lynch, hereby

agrees to pay to the grantor" a certain sum periodically, and a lien was reserved on the land for the payment thereof, the acceptance of the deed created a personal obligation on the grantee and constituted an annuity. No such language is found in the deed under review, nor evidence of any intention to bind the person of the grantees therein.

In Virginia interest is allowable on all contracts and assurances made directly, or indirectly for the loan, or forbearance of money, or other thing. And it has been repeatedly held by the courts that the obligation to pay interest, when not expressly waived, is implied and begins when the debt is due and payable.

In *Tazewell's Ex'r* v. *Saunders' Ex'r et al.*, 13 Gratt. (54 Va.) 354, there is a review of the former cases and a most interesting and learned discussion upon the subject of interest. Said Moncure, J., in part:

"In this state, interest is generally recoverable on a judgment, both at law and in equity. (Citing cases) * * * According to our notion, it is 'natural justice that he who has the use of another's money should pay interest.'"

The opinion further holds that the allowance of interest is favored both by our courts and the spirit of our legislation on the subject.

In *Roberts' Adm'r* v. *Cocke*, 28 Gratt. (69 Va.) 207, the court said:

"Wherever there is a contract, express or implied, for the payment of legal interest, the obligation of the contract extends as well to the payment of the interest as it does to the payment of the principal sum, and neither the courts nor the juries ever had the arbitrary power to dispense with the performance of such contract, either in whole or in part."

In *McVeigh's Ex'r* v. *Howard*, 87 Va. 599, 13 S. E. 31, 33, said this court:

"Thus, in *Roberts' Adm'r v. Cocke*, Burks, J., said: 'It has always been lawful in Virginia for parties to contract for the payment of interest for the use or forbearance of money within the limits prescribed by statute; and, in the absence of any express agreement for the payment of interest, in obligations

for the payment of a certain sum of money on demand or on a given day, interest on the principal sum from the time it becomes payable is "a legal incident of the debt," and the right to it is founded on the presumed intention of the parties.' Citing *Chapman's Adm'rs* v. *Shepherd's Adm'r, supra* (24 Gratt. (65 Va.) 377, 383), in which Judge Staples, speaking of the defenses which may be made to the recovery of interest on such obligations as were mentioned by Burks, J., in *Roberts' Adm'r* v. *Cocke,* says: 'It is true that the debtor may sometimes, under peculiar circumstances, avoid the payment of interest; but these are matters of defense, the burden of which is upon him in all cases. They are offered to show that the obligation to pay has been discharged, and not that it did not originally exist. If no valid ground of defense is shown, the judgment is as certainly rendered for the interest as for the principal. In contracts of the character just mentioned, it is apparent, therefore, that interest is not given as damages, at the discretion of court or jury, but as an incident of the debt, which the court has no discretion to refuse."

This principle is approved in *Washington & O. D. Ry.* v. *Westinghouse Electric & Manufacturing Company,* 120 Va. 620, 89 S. E. 131, 91 S. E. 646.

In *Goins* v. *Garber,* 131 Va. 59, 108 S. E. 868, 871, there was a title bond providing for five notes of fifty dollars each "to become due in one, two, three, four and five years, the first three of said notes without interest and the other two and last of said notes to bear interest from date." There was an exception to the commissioner's report allowing interest on the first three of the notes from their maturity. Said Kelly, P.:

"Of course, the commissioner was right in charging interest on the notes after maturity, unless there were some peculiar circumstances in the case to take these notes out of the general rule that interest follows the principal after maturity 'as the shadow follows the substance.'" *Hatcher* v. *Lewis,* 4 Rand. (25 Va.) 152, 157.

Code 1936, section 6259, providing how interest may be allowed and fixed by a jury, or the court, gives legislative

recognition of the above principle, that interest "is a legal incident of the debt" and follows the principal after maturity as "the shadow follows the substance."

There are no peculiar circumstances to take this case out of the general rule. The recordation of the deed put every person on notice of the existence of the lien. It became the duty of every diligent. creditor to ascertain the amount due, if he desired to protect his own interest in dealing with the grantees in the deed. Mrs. Parsons had the right and discretion to rely on the lien she had reserved, and to forbear to require the grantees in the deed to pay the money to release the lien, whether or not she felt satisfied that the value of the property was sufficient to protect her. There was nothing to require her to foreclose her lien by the sale of the property, and to deprive her children, the grantees, of the use thereof. That she granted a forbearance for the payment of the annual sum when she knew, or believed, the grantees to be financially embarrassed, does not require that a loss be taken at her expense to satisfy creditors, who were not diligent.

There is a reasonable and natural inference here that this old lady, sixty-three years of age when she made the conveyance, created this charge and lien for her maintenance, support and protection in her declining days, and we know of no provision of law that would have required her to accept payment if it were agreeable to her and the owners of the land to permit the lien to accumulate.

Demand and action to recover the principal sum and interest thereon, was taken within the statutory period of limitations. The persons who could have satisfied the charge, or lien against the land, by the payment of same, have had the use of the land and the use of the money from the time when it was not paid. For that use, and for the forbearance on the part of Mrs. Parsons, compensation by means of interest at the legal rate should be allowed therefor.

The final decree of the trial court will be reversed in part, in so far as it denied appellant interest on the sums therein

allowed to her, from the date when the said several sums became due and payable, and this cause is remanded to the trial court, with the direction to amend and modify its final decree accordingly.

*Reversed and remanded.*