## Dobler v. Shenandoah Life Insurance Co., Inc.

216

P. A. *Wolkin*, for plaintiff.

H. F. *DeLone*, for defendant.

WINNET, J., July 25, 1950.—This action in assumpsit was brought by Adolph Dobler, beneficiary under two certificates of life insurance under group policies issued by Shenandoah Life Insurance Co., Inc., a Virginia corporation, defendant, to recover interest on the amount payable under the certificates from the date of death of the insured to date of payment of the principal sum.

The case was submitted on a stipulation of facts. The insured was a member of the Philadelphia Navy Yard Group Life Insurance Association of Philadelphia, Pa., which held the master life insurance policies and through which the insured had obtained his certificates of insurance. Under the terms of the contract of insurance the death benefits were payable to the designated beneficiary "on receipt of due proof of death". The insured died July 24, 1943, and defendant was promptly notified of the death. Plaintiff, the designated beneficiary could not be located, and it was not until December 20, 1948, that he executed defendant's proof of claim form. Within two days thereafter defendant forwarded its check in the amount of the principal sum to plaintiff. He, however, demanded interest at the legal rate for the five years and five months during which defendant held the money fol-

lowing the insured's death. Upon refusal to recognize this demand this suit was instituted.

The major issue involved is simply whether defendant who held the money should be compelled to pay interest for the use of it while plaintiff's whereabouts were unknown. However, a conflict of laws problem arises incidental to that issue. Both parties agree, and correctly so, that the place of contracting is Pennsylvania. Plaintiff argues that since defendant is a Virginia corporation, Virginia is the place of performance and governs the payment of interest. Defendant contends that payment of interest is governed by the place of contracting and even if governed by the place of performance, that place is also Pennsylvania.

To resolve the case three questions must be answered: I. Is the payment of interest a matter of obligation or performance? II. If performance, what is the state of performance? III. Is plaintiff entitled to interest under the law of the appropriate state?

I. The distinction between questions of obligation and questions of performance is far from clear. The best summary of this confusion appears to be that found in the Restatement of the Law of Conflict of Laws, with which Pennsylvania is in accord. Section 332 provides:

"The law of the place of contracting determines the validity and effect of a promise with respect to . . . (f) except as stated in Section 358, the nature and extent of the duty for the performance of which a party becomes bound. . . ."

The provisions of Sec. 358 are:

"(a) the manner of performance; (b) the time and locality of performance; (c) the person or persons by whom or to whom performance shall be made or rendered; (d) the sufficiency of performance; (e) excuse for non-performance."

These two sections obviously leave a large area of doubt as to just what are questions of obligation and what are questions of performance. Some clarification is to be found in section 346, comment (a), where it is stated:

"Thus, whether a duty of performance is to be conditional, and when, where and by whom the performance is to be made and exactly what act of performance a party is obliged by the contract to do are determined by the law of the place of contracting. However, certain questions pertaining to the form and manner of performance are governed by the law of the place of performance."

Clearly, then, the obligations are the duties to be performed and the performance is the completion of those duties. Stated thus the line seems sharp but when applied to one continuous transaction it is difficult at best to determine when that line has been crossed. As the draftsmen of the A. L. I. Restatement have said in comment (c) to section 332:

"There is no distinction based on logic alone between determining the creation of the contract and the rights and duties thereunder on the one hand, and its performance on the other. . . . The point at which initiation ceases and performance begins is not a point which can be fixed by any rule of law of universal application to all cases. Like all questions of degree, the solution must depend upon the circumstances of each case and must be governed by the exercise of judgment."

These then are the vague guideposts to be applied here.

That the *rate* of interest is governed by the place where the contract is to be performed cannot be questioned: Mullen v. Morris, 2 Pa. 85; A. L. I. Restatement of the Law of Conflict of Laws, §418. However, there is a vast difference between the question of whether interest is payable and the question of how

much interest is payable; the former involves the problem of whether the terms of the contract or rules of law create an obligation to pay interest and the latter involves the amount necessary to be paid to satisfy that obligation, in other words, what constitutes sufficient performance. Thus, where a note specifies that it is to be paid "with interest", the rate of interest is controlled by the place where the parties intended the contract to be performed but whether that phrase imposes an obligation on the debtor to pay interest is governed by the law of the place where the obligation arose. Since Pennsylvania is admittedly the place of contracting, it follows that Pennsylvania law should be applied.

II. Although under the solution suggested above, the second question, which is the state of performance becomes academic, it will be discussed both for the sake of completeness and because of the lack of a final authority to support that solution.

Here again there are several rules which could be applied. One of the most familiar is that the debt follows the debtor. Applying that rule here, the debtor's home office is Virginia and therefore that would be the place of performance.

A second rule is that the place of payment is where the creditor is found, in this case, Pennsylvania. The difficulty with such a rule is that it gives the beneficiary a choice of law merely by going to another State. An insurance company would find it impossible to determine in advance the place of payment and the sufficiency of its performance.

The rule generally followed in Pennsylvania is that in the absence of an express provision to the contrary the place of performance is presumed to be the place of contracting: Clark v. Searight, 135 Pa. 173; Mills v. Wilson, 88 Pa. 118; Ratterree v. Schonhardt, 105 Pa. Superior Ct. 321. Since no place of performance was

specified, Pennsylvania law would also govern under this rule.

The latter rule is the most practical. Fundamentally in contract matters we are concerned with the intent of the parties, and it does not in the least seem far fetched to presume that the parties intended the whole contract to be governed by the same law. Undoubtedly they actually gave no thought to this particular problem. In many cases this problem is specifically provided for by a clause making the insurance company's home office the place of payment. Lacking such a provision, the law should not unduly complicate matters by applying one law to the obligation and another to the performance of that obligation.

III. The sole reason for the delay in payment was plaintiff's unavailability. Defendant was at all times ready and willing to pay. Since the relationship between beneficiary and insurer is that of creditor and debtor (8 Couch on Insurance, sec. 1927), the rule that interest is payable in the absence of an express agreement only when the sum has been wrongfully withheld from the debtor should be applied. See Canuso et al. v. Philadelphia, 326 Pa. 302; Albert M. Greenfield & Co. v. Philadelphia W. S. L. & B. A., 162 Pa. Superior Ct. 350. Furthermore, plaintiff was in the position of one holding a demand note or having a demand deposit in a bank. Interest on such a debt runs only from the time when a demand is made: Robinson et al. v. Stover, 320 Pa. 308; Ayoob v. William Penn Trust Co., 132 Pa. Superior Ct. 496; Cusati v. Dellisanti, 152 Pa. Superior Ct. 223, 227; New York Life Ins. Co. v. Griesedieck, 116 F. (2d) 559. Since the debt was paid immediately upon the filing of proof of claim by plaintiff and since that was the first demand made by him, no interest is due.

That conclusion is supported by Smith v. Fidelity Mutual Life Insurance Co., 247 Pa. 369. There, a

policy named a creditor as beneficiary as his interest might appear with any balance to be paid to the insured's executor. The executor and the creditor both claimed the full amount of the policy but they refused to join in a receipt for the money and thereby release the insurance company. Thereafter the creditor brought suit in the District of Columbia and the executor filed a similar suit in Pennsylvania. Because of the diversity of citizenship it was impossible for the company to interplead them. Eventually the creditor agreed to join in the Pennsylvania suit and the jury returned a verdict which included interest from the date of death. The question of the propriety of granting interest was argued before the court en banc which held that since the company could not safely pay either claimant until their respective rights had been determined it was not in default and therefore was not liable to pay interest. On appeal, the Supreme Court affirmed on the opinion of the lower court. That case clearly indicates that an insurance company is not required to pay interest where the failure to pay the principal was due to no fault of its own. Here it cannot be said that the failure to pay a beneficiary whose whereabouts were unknown was a default on the part of the insurance company.

There is another reason why it would be essentially unfair to allow interest in this case. Legal interest of six percent is being claimed but plaintiff admits that defendant earned only three percent on all of its assets. Certainly this is not the type of case where a person is compelled to pay interest as damages for wrongfully withholding money due another. Therefore, it would be inequitable to compel defendant to pay six percent interest.

If the money is treated as having been held in trust by defendant then it would be liable only for the amount of interest actually earned on the money. How-

ever, even under this theory there should be no recovery. It is conceded that defendant was at all times ready and able to pay. Thus it cannot be said that this money actually was invested. In these circumstances the courts should not impose on defendant a duty to invest and where there is no such duty and no investment is in fact made, no interest is due.

Other jurisdictions have applied the Pennsylvania rule regarding interest to situations involving the amount due under insurance policies. In Oriental Bank v. Tremont Ins. Co., 4 Metcalf (Mass.) 1, the contract of fire insurance provided that the loss was to be paid 60 days after proof. Defendant insurance company, however, was prevented from paying the loss due to attachment proceedings. A claim was made for interest and was denied by the court, the court placing the decision on the distinct ground that the insurance company had not wrongfully or unreasonably detained plaintiff's money.

In Gray v. Prudential Ins. Co., 267 App. Div. 688 (N. Y.), defendant delayed the payment of the insurance because it questioned for good and sufficient reasons the beneficiary's right to receive the proceeds without incompetency proceedings. Later plaintiff was adjudged competent to receive the proceeds but claimed interest for the delay in payment. The court ruled that interest could not be recovered, saying (p. 691):

"It could not in fairness to itself and its policyholders have made payments to an unauthorized person. The defendant here was at no time in default. To permit the plaintiff to recover the interest in dispute would result in the imposition of a penalty upon the defendant."

In the Pennsylvania cases where interest is allowed it is always because the sum is *unjustly* withheld: Albert M. Greenfield v. Phila. Workingmen's Saving Loan and Building Association, 162 Pa. Superior Ct.

350, 354; Canuso et al. v. Philadelphia, 326 Pa. 302, 310.

The language of the Virginia cases on which plaintiff relies would seem to impose a liability for interest wherever a person has had the use of another's money. In spite of this broad language it is open to question whether Virginia itself does not apply the Pennsylvania rule. In the authorities cited by plaintiff the money was wrongfully withheld from plaintiff, the very basis for interest according to the rule in Pennsylvania. In Beale v. Moore, 183 Va. 519, 32 S. E. (2d) 696, the court states:

"The receivers have themselves to blame for permitting interest to accumulate and now should pay it." The leading case of Parsons v. Parsons et al., 167 Va. 374, 189 S. E. 448, may for the sake of simplicity be stated as follows: A deeded to B certain land subject to a charge of $300 per year. B became insolvent and trustees for creditors claimed the property. A then filed a claim for the back payment of the charge with interest and the creditors contested the claim for interest on the ground that they had no way of knowing what payments had been made. The court allowed A's claim saying:

"The recordation of the deed put every person on notice of the existence of the lien. It became the duty of every diligent creditor to ascertain the amount due, if he desired to protect his own interest in dealing with the grantees in the deed."

The last case relied on by plaintiff is Johnson v. Johnson et al., 183 Va. 892, 33 S. E. (2d) 784. In that case defendant, in rendering an accounting, wrongfully failed to credit plaintiff with the fair rental value of an apartment used by defendant and for that failure was required to compute interest on the rent not credited.

In all of those cases plaintiffs' whereabouts were known and it was the amount due them that was disputed. Since in each case the amount due was not ascertained because of defendants' own wrongful acts, or because of their lack of diligence, it seems only proper that interest should be awarded.

Accordingly, defendant's request for finding is affirmed.

The court finds for defendant.