Katherine H. MARTIN, Plaintiff in Error,

v.

Arthur C. MARTIN, Executor of Estate of A. J. Martin, Deceased, Defendant in Error.

No. 38856.

Supreme Court of Oklahoma.

March 8, 1960.

grounds of incompatibility. The judgment further provided:

"It is further ordered, adjudged and decreed by the Court that in lieu of any further property settlement and alimony, plaintiff is ordered to pay to said defendant within thirty (30) days from this date, the sum of $145,000.00. It is further ordered, adjudged and decreed that the plaintiff pay to defendant's attorneys, * * *, $15,000.00, less $3,000.00 which has already been paid under order of the Court, * * (as attorney fees) * * *.

"It is further ordered, adjudged and decreed that the plaintiff pay the cost of this action, including the sum of $2870.00 to (accountant) * *. *."

On May 7, 1959, plaintiff paid to the court clerk the sum of $159,870. On the same date the following Release and Satisfaction was filed: (Omitting heading)

"Release and Satisfaction of Judgment

"The undersigned does hereby acknowledge receipt from A. J. Martin, Plaintiff in the above-entitled cause, of One hundred and fifty-nine thousand eight hundred and seventy dollars ($159,870.00), the amount due upon the judgment rendered in said cause on the 20th day of April, 1959, in favor of the defendant herein and against said plaintiff, which said sum is received and accepted in full payment and satisfaction of said judgment with interest and costs, and in full payment and satisfaction of any and all attorneys' fees, liens, and claims in said cause and in and to the proceeds of said judgment, and the undersigned do hereby release, acquit, and forever discharge the said A. J. Martin, of and from all liability to and demand of the undersigned, in respect to said cause and judgment and further agrees to withdraw and dismiss their Motion for New Trial and Appeal now pending.

"This release shall be filed in the office of the Clerk of said Court, and

Floyd Green and Leon Shipp, Oklahoma City, and J. Fred Green, Sallisaw, for plaintiff in error.

Martin L. Frerichs and D. A. Seran, Okemah, and Walter Billingsley, Wewoka, for defendant in error.

WILLIAMS, Vice Chief Justice.

The parties are referred to as they appeared in the trial court.

Plaintiff instituted this action for divorce. On April 20, 1959, the court entered judgment awarding each party a divorce on

the said Clerk is hereby authorized and directed to enter said release on the judgment docket of said court and to release the said judgment of record.

"Dated this 7th day of May, 1959." (Same was signed by defendant and her then attorneys.)

On May 21, 1959, defendant filed a motion to vacate and strike the above release and satisfaction on the grounds that (1) a poundage fee of $1,450 was withheld by the court clerk from the sum paid, and (2) that no interest was paid on said judgment for the period of from April 20, 1959 to May 7, 1959.

Defendant appeals from judgment of the trial court overruling said motion to vacate.

In seeking reversal of the trial court's ruling, defendant relies upon two propositions, to-wit: (1) poundage fee should be paid by plaintiff as he was assessed with the costs of the action, and (2) plaintiff was liable for interest on the judgment from the date of such judgment until the date of payment.

We held, in Kelly v. Oklahoma Turnpike Authority, Okl., 269 P.2d 359, that, in condemnation proceedings, poundage fee allowed by statute is a proper part of the costs of the first assessment, and must be borne by the condemnor.

■ The term "costs", as applied to proceedings in the courts, has, in acceptation and practice of the courts, an understood and fixed meaning. Costs are the certain and necessary expenses or fees incurred in prosecuting or defending an action which are required by 28 O.S.1951 § 31. Costs are allowed as incidental damages to indemnify a party pro tanto against the expense of successfully asserting his rights in court. Ordinarily, where judgments require the payment of money into the registry of the court, the statutory poundage fee is to be assessed as part of the costs of the action as provided in 12 O.S.1951 §§ 926 to 934.

■ In the present case, however, at the hearing of this motion to vacate the release, the attorney for plaintiff testified as follows:

"Mr. Seran: On May 6th of this year, Mr. Green called me on the telephone and said that day that he would take the money, and wanted a payment in full, and I agreed that we would do that. He came on down, that was May 5th, and they came down and at that time Mr. Green came to my office, and I told him we wanted to pay it to the court and one per cent deducted from the purse of the judgment and he objected to that. I told him that I would not pay the judgment unless it was deducted and he agreed to do that. We went ahead and paid it on May 7th, when it was not due until the 20th day of that month. In other words by 13 days a prepayment was made, to which he was not yet entitled. If (sic) was discussed and explained to the defendant and they couldn't afford to wait those few days, and was eager for the money and we paid him. So thereby we would be damaged if the Court set it aside, and therefore there is an estoppel."

The trial court, in its order overruling said motion, made the following finding:

"That the Defendant and her Attorney, Floyd Green, had heretofore upon the 7th day of May, 1959, secured the payment to themselves of the judgment rendered by this Court theretofore upon the 20th day of April, 1959, by signing and delivering the 'Release and Satisfaction of Judgment' herein sought to be set aside, that as a consequence of their signing and delivering said 'Release and Satisfaction' they were paid the sum of $158,420.00 by the Court Clerk of Okfuskee County, that the Court Clerk of Okfuskee County deducted from the sum of $145,000.00 due the defendant under the terms of the judgment, the 1% poundage fee as authorized by statute, that the said deduction amounted to $1450.00, that the defendant Katherine Martin and her Attorney had upon

the 6th and 7th days of May, 1959, agreed and consented that said 1% poundage fee could be deducted by said Court Clerk and that said agreement and consent to said deduction was made by the said Katherine Martin and her Attorney for the purpose of securing the immediate payment of said judgment when in fact said judgment was not due and payable until the following May 20th, 1959, that said parties signed and delivered the said 'Release and Satisfaction of Judgment' knowing and agreeing that said 1% poundage fee would be deducted, for the purpose of securing the earlier payment of said judgment, when said judgment was in fact not due and payable until the 20th day of May, 1959, that said sum of money, as aforesaid, was paid said Katherine Martin her attorneys and her accountant and said moneys so received by said parties was still retained by said Defendant and her attorneys and no restitution has been made or offered to be made, thereof, that said defendant and her attorney by virtue of such agreement waived any rights which they may of had of having said judgment paid without deduction of the said 1%, the Court further found, that no interest was chargeable against the plaintiff for the reason that said judgment was paid prior to the time that it was due;
* * *"

After careful review of the record in this case, we find that the portion of the judgment or order of the trial court overruling motion to vacate as regards poundage fees is not clearly against the weight of the evidence and should be sustained. In re Rettenmeyer's Estate, Okl., 345 P.2d 872.

Nor do we believe that defendant is entitled to the interest on this judgment, although 15 O.S.1951 § 274 provides that all judgments of courts of record shall bear interest from the day on which they are rendered at the rate of six per cent per annum.

In Harden v. Harden, 191 Okl. 698, 130 P.2d 311, 314, we said:

"Cases involving divorce and alimony are in a class apart from those wherein judgments are sought for money only. Many things are to be taken into consideration in fixing a proper amount of alimony which of necessity cannot be considered in an ordinary action for the recovery of money. * * *.

"The decree may provide that the award must be paid in a lump sum or in installments, and when the installments become payable. The decree may expressly provide for interest. But in this state alimony decreed to a wife is as much a debt, until the decree is recalled or modified, as any judgment for money, and without a specific provision for interest past-due installments draw interest at the statutory rate. Stanfield v. Stanfield, 22 Okl. 574, 98 P. 334, and 67 Okl. 56, 168 P. 912."

In divorce actions where one party seeks or is awarded a money judgment in lieu of alimony or property settlement, there is no specific previously existing obligation or liability. The obligation or debt is created or fixed by such judgment, and the awarding of interest on the amount of such judgment is within the discretion of the court in adjusting the division of property. As indicated in Harden v. Harden, supra, the trial court has broad discretionary powers in divorce actions to settle the affairs of the parties. It is obvious that the trial court in the present case determined that plaintiff required time in which to liquidate assets in order to pay this sum. As above shown, it was specified in the journal entry in the divorce action that "plaintiff is ordered to pay to said defendant within thirty (30) days from this day the sum of $145,000.00". There inheres in such judgment herein, a determination that the debt or obligation therein

created, although fixed as of April 20, 1958, should not become due and payable for thirty (30) days, by the judgment's own terms. The statutory rate of interest would not be applicable during such time.

Affirmed.