Betty Barthine Price, Appellant,

*v.*

Noble Ray Price, Appellee.

472 S.W.2d 732.

(*Nashville,* December Term, 1970.)

Opinion filed November 1, 1971.

Wayne S. Taylor, James R. Omer, Nashville, for appellant.

Harold Howser, Gallatin, for appellee.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This case presents the issue of whether the decree awarding a judgment in an amount certain for alimony in solido, but payable in installments, bears interest either by proper construction of the language of the decree, or as a matter of statutory law from date of entry. Jurisdiction upon appeal is properly in this Court, the facts being stipulated.

On July 23, 1969, appellant, Betty Barthine Price, was awarded an absolute divorce from appellee, Noble Ray Price. The decree awarding alimony in solido, containing the following language, is now in dispute:

Further, Complainant, Betty Barthine Price, is awarded a judgment against Defendant, Noble Ray Price, in the amount of $133,980.33 and to secure the same a lien is impressed upon the note payable to defendant deposited with Jordan Stokes, III, attorney, and also upon the Trust Fund deposited with Commerce Union Bank to secure payment of the note, and payments upon the aforesaid judgment will be paid in equal installments as the note payments are made the payment being one-half (½) the yearly payment due upon the amount of $38,290.09, and in addition one-half (½) the accrued interest payments * * *

The parties agree the installments on this judgment were paid in full when due and as of July 2, 1971, the balance of the full amount of the judgment of $133,980.33 was paid. The only issue here is whether appellant is due interest.

The trial judge held:

The Court is of the opinion that the above language in the decree did not contemplate payment of interest on the $133,980.33, but provided instead for the payment on the judgment, one-half the accrued interest on the note in addition to the one-half yearly payment, which amount is set out in the decree. The Court further finds that the alimony in solido in the amount as hereinabove shown was payable at future dates in installments and in the manner shown in the decree and

that the alimony award would draw interest only subsequent to nonpayment on the due date.

Appellant claims interest is due under the language of the decree above copied, construing this language in this manner; that her judgment was payable in equal installments with the dates the installments were due set as the same dates the installments were due on the note deposited with Jordan Stokes, III. That the amount of the installment payments were set as being one-half of the amount of the installment payment on the principal of the note deposited with Jordan Stokes, III, such being one-half of $38,280.09. That having made the payment of this judgment due in installments and fixed both the date and amount of installment in relation to the note deposited with Jordan Stokes, III, the decree said:

And in addition one-half the accrued interest payment * * *,

which language the appellant construes as follows:

That she was to receive this one-half accrued interest, being interest earned by the note deposited with Jordan Stokes, III, as interest on her judgment and not as a payment on the principal of her judgment.

■ We do not agree with appellant's construction of this language of the decree. First, under this decree appellant has been awarded alimony in solido, a judgment against appellee in the amount of $133,980.33. Secondly, for the purpose of securing the payment of this judgment, the court has impressed a lien upon a note owned by appellee and deposited with Jordan Stokes, III, and also a lien upon a trust fund in the Commerce Union Bank. Thirdly, the court has decreed this judgment be

paid in equal installments, with the due date of the installments being set as the same date of the installments on the note deposited with Jordan Stokes, III. The court has decreed the amount of the installments be computed by taking one-half of the yearly installments of $38,-280.09, due on the note deposited with Jordan Stokes, III, and add these to one-half of the accrued interest on the said note, which two figures combined would make up the full amount of an installment due on appellant's judgment.

The words "and in addition one-half the accrued interest payment" in this decree are the key words determining the difference between the construction we have given the language and that insisted upon by appellant. In light of the fact that these key words are found in that part of the decree fixing the amount of installment due on appellant's judgment, and also in light of the plain meaning of the words "and in addition," we think to hold the decree by this language awarded appellant interest on her judgment would be to give the language a most strained construction.

Appellant next insists she is entitled to interest on this judgment by the mandate of T.C.A. sec. 47-14-110, which reads as follows:

Interest shall be computed on every judgment from the day on which it was entered of record.

■ Interest is the compensation allowed by law or fixed by the parties for the use, detention, or for balance of money or its equivalent. 45 Am.Jur.2d, Interest & Usury sec. 1, and cases there cited.

T.C.A. sec. 47-14-103 defines interest as follows:

Interest is the compensation which may be demanded by the lender from the borrower, or the creditor from the debtor, for the use of money.

We have not been cited, nor have we found a case in this jurisdiction directly in point. There are a number of cases cited under T.C.A. sec. 47-14-110, all holding by virtue of this statute judgments bear interest from the date final judgment is entered in the trial court, but in all these cases the person securing the judgment was entitled to have the use of the proceeds of the judgment from and after the judgment was entered.

■ In the case at bar appellant was awarded a money judgment against appellee in the amount of $133,980.33, which judgment was entered and became final on July 23, 1969. On this date appellant became a creditor and the appellee a debtor, but what is fatal to appellant's claim for interest beginning on this date is that on this date she was not entitled to the use of any of the money represented by this judgment. The judgment is payable in installments and appellant only became entitled to the use of any part of the money represented by this judgment on the date the first installment was due, and the parties agree such was paid in full on that date.

This principle is stated in Gibson's Suits in Chancery (4th Ed.) sec. 564, in the following language:

Hence, it is safe to say, that in all such cases interest should be allowed from the day the complainant had a right to the money he sues for.

In 33 A.L.R.2d 1455, under the heading "Right to Interest on Unpaid Alimony," the editorial staff gives a summary of the cases in the following language:

In the greater number of cases dealing with the question, interest has been allowed on unpaid alimony. Thus, where the problem arose in respect of judgments for alimony in gross, interest has been allowed from the date payment was due under the judgment until payment was made, and, as to unpaid instalments, interest has been allowed from the date the particular instalment matured. Likewise, interest has been allowed on unpaid instalments of alimony against the estate of a deceased divorced spouse. The theory upon which interest is allowed in these cases is that a judgment awarding alimony is in the nature of a money judgment. The same result has been reached even where the judgment or instalment became due and payable pending an appeal of the judgment awarding the alimony, on the theory that the party awarded alimony should not be deprived of it by the prosecution of an appeal.

The judgment of the lower court is affirmed.

CRESON, HUMPHREYS and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.