## Alexandria

## BRIAN KENT PLEDGER

v.

## MARSHA SPERRY PLEDGER

No. 0445-87-4

Decided August 16, 1988

628

COUNSEL

Lawrence T. Brooke, for appellant.

Burke F. McCahill (Hanes, Sevila, Saunders and McCahill, on brief), for appellee.

OPINION

KEENAN, J. — Brian Kent Pledger (husband) appeals from a final decree of divorce construing the parties' property settlement agreement. That agreement provides that Marsha Sperry Pledger (wife) is to be paid a portion of the husband's retirement benefit (retirement) when he retires or receives a lump sum payment. The issue presented in this appeal is whether the trial court properly construed the term "entered as a judgment" to mean an agreement by the husband to pay interest from the date of the final decree on the wife's portion of the retirement benefit. We find that the trial court erred in its interpretation of this provision.

The parties were married on April 3, 1971. Because of facts not relevant to this appeal, they separated on November 27, 1985. On March 28, 1986, the parties entered into a property settlement agreement. A dispute arose concerning section sixteen of that agreement. That section provides in pertinent part:

> The Wife shall be entitled to a monetary award *entered as a judgment* for fifty percent (50%) of the amount of the present cash value of such pension and this amount shall be payable when the Husband begins to receive his pension. At such time the amount of the award shall be payable at the rate of forty percent (40%) of the Husband's monthly entitlement. . . .

* * *

In the event the Husband separates from service with the United States Government prior to establishing eligibility for retirement benefits, the Wife shall be entitled to be paid the monetary award determined above from any such lump sum benefits.

(emphasis added).

The trial court construed the language "entered as a judgment" as an agreement by the husband to pay interest on the wife's portion of the retirement benefit from the date the divorce decree was entered until the wife was paid in full. It based its decision on Code § 8.01-382.[1] The trial court incorporated the agreement into its decree and further ordered that:

The Complainant (wife) is entitled to payments from the retirement benefit of the Defendant (husband) upon his retirement, and such payment shall be made directly to the Complainant; the amount to be paid to the Complainant is Twenty Thousand Nine Hundred Twenty Dollars ($20,920.00) plus interest thereon at the judgment rate, until paid; . . . .

The wife argues that by using the word "judgment," the parties intended interest to accrue from the date of the final decree until her portion of the retirement was paid in full. She claims that the word "judgment" was used in its technical sense and argues that Code § 8.01-382 requires the imposition of interest from the date of the final decree. We disagree.

---

[1] Code § 8.01-382 provides: Except as otherwise provided in § 8.3-122, in any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence. The judgment or decree entered shall provide for such interest until such principal sum be paid. If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded shall bear interest from its date of entry, at the rate as provided in § 6.1-330.10, and judgment or decree entered accordingly; provided, if the judgment entered in accordance with the verdict of a jury does not provide for interest, interest shall commence from the date that the verdict was rendered.

■ Initially, we note that property settlement agreements are subject to the same rules of interpretation and construction applicable to contracts generally. *Fry v. Schwarting*, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). "In construing the terms of a property settlement agreement, just as in construing the terms of any contract, we are not bound by the trial court's conclusions as to the construction of the disputed provisions." *Smith v. Smith*, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

■ Virginia courts have long recognized that the right to interest for the loan or forbearance of money, when not expressly waived, is implied and begins when the debt is due and payable. *Parsons v. Parsons*, 167 Va. 374, 382, 189 S.E. 448, 452 (1937); *Johnson v. Johnson*, 183 Va. 892, 909, 33 S.E.2d 784, 790 (1945). In deciding an analogous issue, whether interest should accrue on unpaid alimony, the Supreme Court has stated: "[T]he general rule is that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of alimony *from the date they mature or become due* until the date they are paid." *Alig v. Alig*, 220 Va. 80, 85, 255 S.E.2d 494, 497-98 (1979)(emphasis added).

■ The Court discussed the statutory right to interest in *Nationwide Mutual Insurance Co. v. Finley*, 215 Va. 700, 214 S.E.2d 129 (1975). In that case, the trial court awarded interest from the date of a judgment rendered against Nationwide, pursuant to Code § 8-223 (now Code § 8.01-382). Nationwide argued that it was not liable for interest on a judgment when that interest increased its liability for damages beyond its contractual limit. The Court held that "[t]he interest the law allows on judgments is not an element of 'damages' but *a statutory award for delay in the payment of money due*." *Id.* at 702, 214 S.E.2d at 131 (emphasis added). The Court affirmed the trial court's award of interest against Nationwide. *Id.* at 703, 214 S.E.2d at 131.

Other jurisdictions have confronted similar issues. The California Court of Appeals considered whether interest should accrue on a present award of a wife's portion of the husband's retirement fund in *Verner v. Verner*, 77 Cal. App. 3d 718, 143 Cal. Rptr. 826 (1978). By the relevant terms of an interlocutory judgment, the wife was not entitled to any part of the fund until the husband retired. *Id.* at 721-22, 143 Cal. Rptr. at 829. The court stated:

> The order under review gives Bianca [wife] interest at 7 percent per annum on $8,906 from September 27, 1968, the date of entry of the interlocutory judgment. Carl [husband] contends, and we agree, that the award of interest was improper. Bianca was not, by the terms of the judgment, entitled to receive any portion of her property interest until Carl's retirement; thus, the award may be distinguished from the usual award of a sum of money in a judgment which bears the legal rate of interest.

*Id.* at 728, 143 Cal. Rptr. at 832-33. The court further held that the ambiguous and equivocal nature of the divorce judgment militated against an award of interest. *Id.*

The Supreme Court of Tennessee considered an analogous issue in *Price v. Price*, 225 Tenn. 539, 472 S.W.2d 732 (1971). The issue before the Court was whether a decree awarding a lump sum judgment for alimony, payable in installments, bears interest. *Id.* at 540, 472 S.W.2d at 732. The wife argued that she was entitled to interest under T.C.A. § 47-14-110, which stated: "Interest shall be computed on every judgment from the day on which it was entered of record." *Id.* at 543, 472 S.W.2d at 733. The Court observed that the cases cited under T.C.A. § 47-14-110 involved persons who were entitled to the use of the judgment proceeds from the time the judgment was entered, not at some date in the future. The Court held:

> [W]hat is fatal to appellant's claim for interest beginning on this date is that on this date she was not entitled to the use of any of the money represented by this judgment. The judgment is payable in installments and appellant only became entitled to the use of any part of the money represented by this judgment on the date the first installment was due.

*Id.* at 544, 472 S.W.2d at 734. The Court affirmed the trial court's decision denying the appellant interest. *Id.* at 545, 472 S.W.2d at 734.

The Supreme Court of Oklahoma addressed a similar issue in *Martin v. Martin*, 350 P.2d 270 (Okla. 1960). In that case, the wife was awarded a lump sum in lieu of other alimony or property settlement. *Id.* at 271. The husband was ordered to pay the lump sum within thirty days from the date of the divorce decree. *Id.*

The Court recognized that 15 O.S. 1951 § 274 "provides that all judgments of courts of record shall bear interest from the day on which they are rendered at the rate of six per cent per annum." *Id.* at 273. However, the Court found that the judgment, by its own terms, was not due and payable for thirty days. *Id.* at 273-74. Thus, the Court held that no interest would accrue until payment was due. *Id.* at 274.

In the present case, the agreement specified that the wife's portion of the retirement would be entered as a "judgment." By the terms of the agreement, however, no money was due until the husband either retired or received a lump sum payment. Code § 8-223 (now Code § 8.01-382) provides "a statutory award for delay in the payment of *money due.*" *Nationwide Mutual Insurance Co.*, at 702, 214 S.E.2d at 131 (emphasis added). Thus, the word "judgment," when used in the context of Code § 8.01-382, contemplates a debt that is presently due and owing, not a debt due and payable in the future. Under the facts presented here, either after the husband retires or receives a lump sum payment, interest will accrue pursuant to Code § 8.01-382 on any part of the wife's portion which is not paid when due. Therefore, we reverse the decision of the trial court granting the wife interest on her portion of the husband's retirement before payment becomes due, and remand this cause to the trial court for entry of an order consistent with the rulings stated herein.

*Reversed and remanded.*

Duff, J., and Barrow, J., concurred.