# Norfolk

## F. ROBERTA STEINBERG

### v.

## ARTHUR Z. STEINBERG

No. 1361-89-1

Decided November 20, 1990

COUNSEL

Joel P. Crowe (Babb, Oast, Hook & Crowe, on briefs), for appellant.

Morris H. Fine (Fine, Fine, Legum and Fine, on brief), for appellee.

OPINION

**BAKER, J.**—In this appeal by F. Roberta Steinberg (wife) from a decree of divorce and equitable distribution, the record discloses that Arthur Z. Steinberg (husband) filed a bill of complaint in the Circuit Court of the City of Portsmouth (trial court) requesting that he be granted a divorce from wife on the ground of one year separation. Wife answered and filed a cross-bill seeking a divorce from husband on the ground of adultery.

In her appeal, wife alleges that the trial court erred when it awarded a sum certain portion of husband's pension rather than directing that she receive a percentage of each payment of the pension as it is received by husband. She also contends that the award of $250 a month in spousal support was so inadequate as to constitute an abuse of discretion by the trial court, and that the trial court erred in ruling that wife, notwithstanding that husband

was found at fault, pay thirty-five percent of the court costs. In his brief, husband claims that the decree should have granted him a divorce based upon a one-year separation instead of granting wife a divorce based upon his adultery. Husband did not pursue that issue in his cross-appeal. He does object to the selection of May 1988 as the date of separation rather than August 1983.

■ The trial court referred the matter to a commissioner in chancery who heard evidence and filed a report with the court. The commissioner's recommendations were approved by the trial court and incorporated in the decree of divorce from which this appeal emanates. On the issues presented by wife's appeal, husband was the prevailing party in the trial court. Upon familiar principles we review the evidence in the light most favorable to the prevailing party below. *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 157, 313 S.E.2d 384, 387 (1984).

The parties married on September 2, 1962, while husband was a student in college. They last separated in May 1988. After graduating from college in 1966, husband entered military service. The date of his discharge from that service is not disclosed by the record; however, on a date, not shown by the record, subsequent to his discharge, husband's employment caused him to be a beneficiary of the pension plan which is the subject of a part of this appeal. Neither a copy nor a summary of the terms of the pension plan was entered into the record and remains an unknown quantity in this appeal. The parties apparently believed the terms of the plan were of no consequence when they stipulated that for equitable distribution purposes its value in May 1988 was $142,653.76.

While both parties excepted to the commissioner's recommendation that wife be awarded forty-five percent of the pension fund value as her marital share of husband's pension, on appeal to this Court neither directly contests that percentage which was approved by the trial court in its final decree. The specific finding set forth in that decree discloses that the pension fund "shall be valued at $142,653.76 [the sum stipulated by the parties] and that [wife] shall receive 45% percent of that pension as and for her marital share in said pension, said benefit to begin when the benefits of the [husband] become effective, payable at the rate of 50% of the amount received by the [husband] on a monthly basis . . . until $64,194.19 is paid." The decree further ordered husband to

pay wife $3,000 toward her attorneys' fees; $250 per month spousal support; and directed that wife pay thirty-five percent of the court costs and that husband pay the remainder. The pension fund was the only property subject to classification as marital property.

On appeal, the judgment of the trial court is presumed to be correct; its findings will not be overturned by this Court except in cases of manifest error. The burden is upon the party alleging trial court error to show by the record that the judgment was erroneous. *See Crum v. Udy*, 206 Va. 880, 881, 146 S.E.2d 878, 879 (1966); *Glaize v. Glaize*, 79 Va. 429, 434 (1884); 1B Michie's Jurisprudence, *Appeal and Error* § 258 (1986).

## I. *The Pension Fund*

The task of the trial court in making an equitable distribution of one spouse's pension plan is not an easy one. While the General Assembly has directed that in appropriate cases an award may be made, it has given little direction to the courts as to the method to be used to determine the pension's value and manner in which it should be distributed. At the time of these proceedings, the General Assembly had granted only limited powers to trial courts to deal with pension benefits.[1]

In most cases, the pension payments will be received in the future, and the trial court will give the pension a present value. Typically, this is accomplished by applying a discount figure to an actuarially determined estimate of benefits that will be received. Frequently, the parties cannot agree on an appropriate discount figure and the trial court must consider expert evidence presented by each side and make a judgment and award. Moreover, parties often fail to provide the trial courts with accurate and adequate pension valuation information. *See* Nat'l Legal Research Group, *Equitable Distribution of Property*, § 7.12 (Cum. Supp. 1990).

This Court, in *Zipf v. Zipf*, 8 Va. App. 387, 382 S.E.2d 263 (1989), declared that under the facts[2] presented in that case, as

---

[1] Effective July 1, 1990, amendments to Code § 20-107.3 increased these powers.

[2] In *Zipf*, the pensioner had been receiving periodic pension payments for several years prior to the last date of separation and the marriage "apparently" had been continuous during the entire time the pension rights accrued.

an alternative to awarding a fixed value, the trial court could award the non-employee spouse a percentage of the pension payments as received by the pensioner for the life of the pension. *Id.* at 398, 382 S.E.2d at 268-69. Citing *Zipf*, wife asserts that the trial court erred when it awarded her a fixed amount based on the value of the fund stipulated to by the parties. She did not in the trial court and has not in this appeal argued that there was a miscalculation of the value of the pension as of May 1988, nor has she argued that the sum certain stipulated to was contrary to the requirements of Code § 20-107.3. Instead, she argues that *Zipf* requires that she should receive forty-five percent of all pension payments as long as they are received by husband because the value of the pension will increase until such point as the payments are received by husband. Under the circumstances of this case, we do not agree that she has a right to receive a portion of the fund during the life of the pension. When the parties stipulated as to the present value of the pension, the trial court was entitled to assume that value represented a fair assessment of the pension's worth and the only decision the trial court was required to make was whether to apply the percentage the wife was entitled to receive to the value the parties agreed to or grant wife's motion to award her a percentage of each payment as received for the life of the pension pay-out. In *McLaughlin v. McLaughlin*, 2 Va. App. 463, 346 S.E.2d 535 (1986), we specifically noted that "evaluations of present values of vested pensions are based on life expectancies which may vary," *Id.* at 471, 346 S.E.2d at 539, and that "any monetary award based upon the value of the pension could not become effective until the party against whom such award is made actually begins to receive such benefits.'" *Id.* at 472, 346 S.E.2d at 539. We then said:

> Because the monetary award was based on benefits to be received as a pension, such payments would not be due until the payments were received. It would be illogical to require interest on sums before they become due.

*Id.* In August 1988, a different panel of this Court was confronted with the same issue. In *Pledger v. Pledger*, 6 Va. App. 627, 371 S.E.2d 43 (1988), the Court reversed a decree awarding Mrs. Pledger $20,920 as the present value of her marital share in Mr. Pledger's pension, which was to be paid at an unstated future date and would bear "interest thereon at the judgment rate until paid."

328

*Id.* at 629, 371 S.E.2d at 44. This Court held that "no money was due until the husband retired or received a lump sum" and, therefore, because the debt was not due, Mrs. Pledger was not entitled to interest on the award. *Id.* at 632, 371 S.E.2d at 45.

If, as argued for by wife in this case, the trial court was required to add interest to the present value to which the parties stipulated, our decision would be in conflict with *McLaughlin* and *Pledger.*[3]

We find that in this case the trial court made the correct decision. In arriving at our conclusion, we note factual differences which distinguish this case from *Zipf*. First, the parties stipulated to a sum certain as the value of the pension plan as of the date of the last separation. In a letter to the commissioner, wife advised him that $142,653.76 was the value of the pension fund from which "the marital share" was to be determined. Neither party indicated whether the stipulated value had been discounted either before or after it had been computed. In addition, in *Zipf*, the employee pensioner had been receiving periodic pension payments for a substantial period of time prior to the date of last separation, and the entire pension right "apparently was earned"[4] during the Zipf marriage. In the case before us, pension payments were not being received on the date of the last separation or when the divorce decree was entered. The record does not reveal when husband will be eligible to receive payments, or whether he will receive a lump sum at a predetermined date or periodic payments at a stated age. Moreover, there is no evidence of the basis for calculating the sum he is to receive.[5]

Jurisdiction in divorce suits may not be acquired inferentially or through indirection because divorce in Virginia is a crea-

---

[3] Subsequent to filing Mrs. Pledger's bill of complaint, and after the entry of the final decree, the General Assembly amended Code § 20-107.3(G). As that statute may not be applied to this case, *see Price v. Price*, 4 Va. App. 224, 230, 355 S.E.2d 905, 908 (1987), we decline further comment as to its effect.

[4] The *Zipf* opinion does not recite facts from the record to support its decision but uses the word "apparently" as quoted here.

[5] If the Steinberg pension plan contained provisions as those set forth in the Virginia Supplemental Retirement System plan for employees of the Commonwealth of Virginia, longevity and increases in salary substantially increase the periodic payments to be received by the retiree. If the marriage was not continuous during the entire period during which the pension was earned, the Code contains no provision which would permit a trial court to award a percentage of a Commonwealth's pension during its entire life.

ture of statutes enacted in clear, detailed language. *Lapidus v. Lapidus*, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984); *Johnson v. Johnson*, 224 Va. 641, 645, 299 S.E.2d 351, 353-54 (1983). The parties proffered no evidence which the trial court could use to value wife's interest in the pension except for the stipulation as to the pension's present value. In this case, given the evidence that had been presented to the court, an award of a specified percentage of future pension benefits would not satisfy the mandate of Code § 20-107.3(G) in effect at the time this suit was filed in the trial court. In our view, the effect of awarding a percentage of an unknown benefit would have been to postpone the entry of an equitable distribution decree until such time as the pension payments were realized. We find no authority in the divorce statutes which permits trial courts to enter such decrees.

## II.  *The Spousal Support*

■ Whether a spouse is entitled to support, and if so how much, is a matter within the sound discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done. *Dukelow v. Dukelow*, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). The challenge to the amount of support raises the issue of the sufficiency of the evidence to support the judgment. The judgment of the trial court is presumed correct and we may not disturb its ruling if there is credible evidence to support it. Code § 8.01-680. The record discloses that there are no children legally entitled to support. Wife is in good health, employed and earning $27,000 annually. In addition, she recently inherited $60,000, $20,000 of which she retains. The trial court ordered that from his $50,000 annual income, husband must pay to wife $3,000 per year. There is credible evidence in the record to support the finding of the trial court, and no abuse of its discretion has been shown.

## III.  *The Court Costs*

The same discretionary principles as with spousal support apply to an award of costs. *See Gibson v. Gibson*, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988). We have reviewed the record and find no abuse of discretionary power in requiring wife to pay thirty-five percent of the court costs.

## IV. *Last Date of Separation*

Husband asserts that the record discloses that he intended to permanently separate from wife in August 1983. The record reveals unusual living circumstances between August 1983 and May 1988; however, the evidence was in conflict as to whether husband's intent was as clear as he now asserts. On conflicting credible evidence, the commissioner and trial court concluded that the intent to permanently separate was established as of May 1988. We are bound by that finding. *See* Code § 8.01-680.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Duff, J., and Cole, J., and concurred.