COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

LEROY CLINTON WEST

v.   Record No. 0036-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
BETSY E. WEST                                   JULY 18, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gerald Bruce Lee, Judge

(Elaine H. Cassel, on brief), for appellant.

(David H. Fletcher; Gannon, Cottrell & Ward, on
brief), for appellee.


Leroy Clinton West (husband) appeals the decision of the circuit court requiring him to pay Betsy E. West (wife) $135,046.27 in spousal support arrearage, interest, and attorney's fees.  Husband raises the following issues on appeal:

(1)  whether the trial court erred in finding insufficient evidence to support his defenses of equitable estoppel or waiver;

(2)  whether the trial court erred in awarding pre-judgment interest from the date each support payment was due;

(3)  whether the trial court erred in awarding attorney's fees; and

(4)  whether the trial court erred in granting wife's motion to compel compliance when the final decree of divorce did not state when payments were to begin or when payments were due.

Upon reviewing the record and briefs of the parties, we conclude

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to wife as the prevailing party below and we grant to the wife all reasonable inferences fairly deducible therefrom.  McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  "The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

## I.    Defense of Equitable Estoppel

Husband argues that wife is barred from recovering any spousal support arrearage under the doctrine of equitable estoppel.  "'The elements necessary to establish equitable estoppel are (1) a representation, (2) reliance, (3) change of position, and (4) detriment, and the party who relies upon estoppel must prove each element by clear, precise, and unequivocal evidence.'"  Webb v. Webb, 16 Va. App. 486, 494-95, 431 S.E.2d 55, 61 (1993) (citation omitted).

The record demonstrates that after the husband informed wife that he was unemployed, wife wrote to husband stating, in part:

> Though you said you would send $100 of your
> unemployment benefits, I realized it would be
> a difficult time for you and I said nothing
> when that was not sent.  However, I am
> puzzled that I have heard nothing further
> from you and I am sure by now you are
> working.
>                 * * * * * * *
> I realize your note indicated you will cover

2

> the back payments and I do not question that
> intention.  However, I would appreciate your
> putting at least partial payment of the
> amount high in the priorities in your own
> budget.
>
>        \* \* \* \* \* \* \*
>
> Please notify me soon about your payment
> plans.

The trial court determined that husband failed to prove wife made any representations concerning discontinuing spousal support. That determination is not plainly wrong.

## II.  Defense of Waiver

Husband also argues that wife waived her rights to support and support arrearages.  "Waiver is the voluntary, intentional abandonment of a known legal right, advantage, or privilege. '[B]oth knowledge of the facts basic to the exercise of the right and the intent to relinquish that right are essential elements.'" Fox v. Deese, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987) (citations omitted).

Husband concedes wife made no express waiver of her right to the payments.  He asserts that wife's failure to seek relief earlier amounted to an intentional abandonment of her right to relief.  However, "a party's passive acquiescence in nonpayment of support [does not] operate to bar that party from later seeking support arrearages." Goodpasture v. Goodpasture, 7 Va. App. 55, 58, 371 S.E.2d 845, 847 (1988).  The last correspondence between the parties indicated wife was not waiving her right to either spousal support or the support arrearage.  The trial court found that wife's explanations for why she did not assert her

rights earlier were credible.  Thus, credible evidence supports the trial court's findings that wife made no representations to husband suggesting that she no longer expected spousal support or payment of the accruing arrearage and that wife did not intentionally waive her rights to either the support or arrearage.

### III.  Interest

The principle is "well established . . . that court-ordered support becomes vested when it accrues and the courts are without authority to make any change with regard to arrearages."  Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818-19 (1987).  However, "'[t]he general rule is that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of alimony from the date they mature or become due until the date they are paid.'"  Pledger v. Pledger, 6 Va. App. 627, 630, 371 S.E.2d 43, 44 (1988) (citation omitted, emphasis deleted).  "[T]he right to interest for the . . . forbearance of money, when not expressly waived, is implied and begins when the debt is due and payable."  Id.

The statutory scheme authorizes a court to "include an amount for interest on the [support] arrearage . . . if the person to whom such arrearage is payable requests that interest be charged."  Code § 20-78.2.  Moreover, "a court may grant appropriate relief even though it is not specifically requested."  Taylor v. Taylor, 14 Va. App. 642, 649, 418 S.E.2d 900, 904

4

(1992).  The record establishes that the wife requested interest at the hearing.

The parties' agreement is silent as to interest on arrearages, and husband points to no other evidence to demonstrate wife expressly waived her implied right to interest on past due amounts.  While Code § 20-109 directs a court to enter orders complying with the terms of a pre-existing stipulation or contract signed by the parties, the statute does not bar the award of interest on past due payments where the parties' agreement is silent.  Therefore, we find no error in the trial court's award of pre-judgment interest on the spousal support arrearage.

## IV. Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

While the parties' agreement contains a provision entitled "Attorney's Fees," that paragraph deals only with the payment of

fees attributable to the entry of the divorce decree and does not address the payment of any other fees. The agreement does not bar an award of attorney's fees under the present circumstances.

## V. Motion to Compel

Husband asserts that, as the parties' agreement did not state when the spousal support payments were to begin, the order was unenforceable. We disagree. The agreement states that the husband was to pay the amount "per month." Moreover, husband made regular monthly payments from 1971 until the beginning of 1979. "Generally, the interpretation placed upon an agreement by the parties themselves is entitled to the greatest weight." Smith v. Smith, 3 Va. App. 510, 518, 351 S.E.2d 593, 598 (1986). We find no error in the trial court's determination that the agreement was enforceable. Therefore, as the trial court's decision was not plainly wrong or without evidence to support it, we affirm the court's decision.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.