COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

STEPHEN J. TUTUNJIAN, JR.

v.          Record No. 1694-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
YVONNE HELEN (ORTEGA) TUTUNJIAN                MARCH 5, 1996


            FROM THE CIRCUIT COURT OF YORK COUNTY
                  G. Duane Holloway, Judge

          Timothy S. Fisher (Overman, Cowardin &
          Martin, on brief), for appellant.

          Kenneth B. Murov (Kevin W. Grierson; Jones,
          Blechman, Woltz & Kelly, P.C., on brief), for
          appellee.


     Stephen J. Tutunjian, Jr. (husband) and Yvonne Helen

(Ortega) Tutunjian (wife) were divorced by a decree entered

December 8, 1993, which expressly incorporated the terms and

conditions of their "property settlement agreement" (agreement).

 Acting on subsequent motions of wife, the trial court amended

the original decree on June 28, 1995 to "correct a clerical

error," awarding wife, inter alia, a percentage of husband's

"military retirement" as a "distribution of marital property,"

arrearages and attorney's fees and costs. Husband appeals,

complaining that the court erroneously modified the decree,

incorrectly determined the sums due between the parties, and

improperly assessed fees and costs. We reverse both the

amendment and award of fees and costs and otherwise affirm the

---
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decision.

The parties are conversant with the record, and we recite only such facts and procedural history necessary to a disposition of this appeal.

I.

Code § 8.01-428(B) empowers the court to correct "[c]lerical mistakes in all judgments . . . arising from oversight or . . . inadvertent omission . . . at any time . . . ."  "However, to invoke such authority the evidence must clearly support the conclusion that an error of oversight or inadvertence has been made."  Davis v. Mullins, ___ Va. ___, ___, ___ S.E.2d ___, ___ (1996); Cass v. Lassiter, 2 Va. App. 273, 277-78, 343 S.E.2d 470, 473 (1986) (citing Dorn v. Dorn, 222 Va. 288, 292, 279 S.E.2d 393, 395 (1981)).  Moreover, because the statute creates a clear exception to the finality of judgments assured by Rule 1:1, it must be "construed . . . narrowly."  Davis, ___ Va. at ___, ___ S.E.2d at ___; McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987).

In this instance, wife asserts that the original decree, prepared by her trial attorney, mistakenly referenced as "spousal support" certain monies due to her under the agreement, also drafted by wife's counsel, as marital property pursuant to Code § 20-107.3(G).  The disputed provision makes no mention of an award in equitable distribution, but simply specifies a "formula" to compute the amount payable to wife.  However, the award was

expressly and repeatedly designated as spousal support in the original decree, a characterization not in conflict with the underlying provision of the agreement.  See Owen v. Owen, 14 Va. App. 623, 419 S.E.2d 267 (1992); Woolley v. Woolley, 3 Va. App. 337, 349 S.E.2d 422 (1986).  Such circumstances do not clearly establish a clerical error in the decree.

We are mindful that, "[o]n appeal, the judgment of the trial court is presumed to be correct," but "its findings will . . . be overturned . . . in cases of manifest error."  Steinberg v. Steinberg, 11 Va. App. 323, 326, 398 S.E.2d 507, 508 (1990).  Here, because the court's finding of a clerical error within the intendment of Code § 8.01-428(B) lacks support in the record, we reverse the amendment and attendant revisions to the original decree which "delete[d] . . . spousal support" and restore the award.  See Code § 20-109.

## II.

It is well established that property settlement agreements incidental to divorce proceedings are subject to "the same rules of interpretation applicable to contracts generally."  Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985).  "A contract must be construed as a whole to determine the parties' intent with respect to specific provisions."  Hooper v. Musolino, 234 Va. 558, 569, 364 S.E.2d 207, 212, cert. denied, 488 U.S. 823 (1988).  While "'ambiguous contractual provisions are [generally] construed strictly against their author,'" this maxim "'should

not be applied mechanistically, with the result that the intention of the contracting parties is thwarted.'" <u>Jennings v. Jennings</u>, 12 Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991) (citation omitted).  "In construing the terms of a property settlement agreement, . . . we are not bound by the trial court's conclusions as to the construction of the disputed provisions." <u>Smith v. Smith</u>, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

The record is clear that the parties intended to fix spousal support through their agreement as a function of husband's "disposable retired pay."  They settled upon an equation which simply recognized the obvious relationship between husband's "months of military service during the marriage and before separation" and the total of such service which contributed to his "disposable retired pay," in ascertaining the "marital portion" contemplated by the agreement.  Nothing suggests, as husband argues, that the denominator of the fractional "marital portion" included military service which did not enhance husband's "disposable retired pay."  The trial court, therefore, properly construed this provision to ascertain the attendant obligation of husband to wife.[1]

It is equally apparent that the parties intended for wife to be solely responsible for the premium cost of the survivor's benefit plan, payable "from her portion of [h]usband's disposable

---

[1]In accordance with this opinion, the resulting award constituted spousal support.

retired pay."  The trial court correctly discerned that a charge for this cost against wife's "portion of [the] disposable retired pay," from which the entire premium had been previously deducted, effectively increased her liability.  Thus, the trial court properly adjusted the respective accounts by requiring wife to "reimburse" husband monthly for that portion of the premium which reduced his retirement benefit.

### III.

"Code § 20-109 bars a trial court from 'directing the payment of . . . suit money or counsel fee[s] . . . except in accordance with th[e] [parties'] . . . contract.'"  Sanford v. Sanford, 19 Va. App. 241, 249, 450 S.E.2d 185, 190 (1994) (alterations in original).  The instant agreement expressly imposes "any costs, including reasonable attorney[']s fees, incurred in enforcing" its terms upon the "defaulting party." (emphasis added).  Because this opinion alters both the analysis and disposition of the trial court, we reverse the award of attorney's fees and costs and remand the proceedings for reconsideration of this issue.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.