## IN THE COURT OF APPEALS OF TENNESSEE
### WESTERN SECTION AT NASHVILLE

_____

| | | |
|---|---|---|
| **JACK LLOYD BEATY, SR.,** | ) | |
| | ) | |
| Petitioner/Appellee, | ) | |
| | ) | Williamson Chancery No. 16691-R2 |
| v. | ) | |
| | ) | C.A. No. 01A01-9507-CH-00325 |
| **MARY JOYCE SCOTT BEATY,** | ) | |
| | ) | |
| Respondent/Appellant. | ) | |

**APPEAL FROM THE WILLIAMSON COUNTY CHANCERY COURT**
**THE HONORABLE HENRY DENMARK BELL, CHANCELLOR**

**Lisa M. Carson**
Franklin, Tennessee
Attorney For Appellee

**FILED**

**March 8, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

**Thomas W. Hardin**
**Hardin & Parkes**
Columbia, Tennessee
Attorneys for Appellant

**REVERSED AND REMANDED**

OPINION FILED:

**WILLIAM H. WILLIAMS, SENIOR JUDGE**

**CONCUR:**

**HIGHERS, J.**

**FARMER, J.**

The sole issue presented in this appeal is whether the Wife/Appellant is entitled to post-

judgment interest on a judgment of $50,000 awarded her by the decree of divorce entered December

28, 1992.

The pertinent facts are that this matter arose out of a divorce action from the Williamson County Chancery Court. The divorce decree, inter alia, awarded the residence to the Husband and a business known as Franklin Jewelry and Loan Company, Inc. The trial court awarded the Wife certain real estate upon which were located three apartments and as part of the equalization of the equities between the parties, a money judgment against the Husband of $50,000 cash. Wife appealed on two issues: (1) the award of the marital residence to the Husband, and (2) the duration of the rehabilitative alimony. She raised no issue concerning the $50,000 judgment. Husband did not appeal; however, he did petition the trial court subsequently to allow sale of the residence awarded to him by the judgment. The court held it lacked jurisdiction due to the pending appeal by Wife. On October 7, 1994, the Court of Appeals affirmed the trial court's ruling in the divorce decree. Subsequently on December 14, 1994, Husband filed a petition to require Wife to comply with divorce decree by executing a quitclaim deed to the residence and to transfer stocks she owned in the jewelry and loan company to the Husband. Husband concurrently paid into the court the $50,000 award. Wife filed a counter-petition asking, inter alia, post-judgment interest from the date of the divorce decree, December 28, 1992, until date the $50,000 was paid into court, December 13, 1994. On March 15, 1995, the trial court heard the petition and counter-petition and filed a memorandum that denied the Wife's claim for post-judgment interest among other things. The pertinent portion of the chancellor's ruling dealing with the post-judgment interest claim of the Wife is as follows:

> T.C.A. § 47-14-122 relied upon by Mary Beaty sets out the method of computation of interest in judgments. It does not provide that interest runs on all judgments.

> From a consideration of the definition of 'interest' in T.C.A. § 47-14-102(7), the rationale set out in <u>Price v. Price</u>, 472 S.W.2d 732, and all the circumstances in this case, the court is of the opinion that the $50,000 judgment did not bear interest at any time prior to the filing of Jack Beaty's petition and the concurrent payment to the clerk and master of the $50,000 principal amount.

The petition and counter-petition as amended were dismissed by the chancellor.

The Husband supports the chancellor's decision and argues that the $50,000 was awarded to the Wife for the purpose of equalizing the equities between the parties. But the payment by the Husband of the $50,000 was contingent upon the Wife executing a quitclaim deed to the marital residence awarded to the Husband and her transferring to him certain stocks she owned in the jewelry and loan company also awarded to the Husband. That because she appealed the judgment, thus delaying the execution of the judgment, she was not entitled to the immediate use of the money from the date of entry and under authority of <u>Price</u>, <u>id</u>., she is not entitled to post-judgment interest.

We respectfully disagree and reverse.

T.C.A. § 47-14-122 provides:

> Interest on judgments -- Computation. -- Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

T.C.A. § 47-14-121 provides:

> Interest on judgments -- Rate. -- Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; provided, that where a judgment is based on a note, contract, or other writing fixing a rate of interest within the limits provided in § 47-14-103 for that particular category of transaction, the judgment shall bear interest at the rate so fixed.

T.C.A. § 47-14-102(7) provides:

> 'Interest' is compensation for the use or detention of, or forbearance to collect, money over a period of time, and does not include compensation for other purposes, including, but not limited to, time-price differentials, loan charges, brokerage commissions, or commitment fees. For example, when you borrow money, you pay the lender simple interest (which is like rent) for the use of the money. The amount of interest you pay depends on:
>
> > (A) The principal, which is the amount you borrow;
> >
> > (B) The rate, which is a percent based on a period of time, usually one (1) year; and

2

> (C) The number of periods of time that you have the
> use of the money. . . .

Essentially, as we understand the trial court's memorandum, the trial court relying on Price, id., ruled that the Wife was not entitled to post-judgment interest because she appealed the decree of divorce and was, therefore, not entitled to immediate use of the money. This reasoning is plainly stated in the trial court's memorandum of findings of fact and conclusions of law where it said:

> This provision in the marital property division and the duration of rehabilitative alimony were the parts of the decree which Mary Beaty sought to have changed on appeal. The property division sought by Mary Beaty would not have involved an award of the $50,000 equalizing judgment in her favor. Her conduct in not seeking to collect the $50,000 judgment and refusing to execute a quitclaim deed was entirely consistent with the relief she hoped to receive on appeal. Although there was no stay order, the parties by their conduct treated the trial court's decree as stayed pending appeal (emphasis ours). Otherwise, Mary Beaty would simply not have had a meaningful appellate review.

As previously shown, the trial court's memorandum went on to consider the definition of interest pursuant to T.C.A. § 47-14-102(7) and the rationale set out in Price v. Price, id., and denied and dismissed the counter-petition of the Wife in which she had moved the court for post-judgment interest. The Husband's petition was also dismissed. We think that the trial court's reliance upon Price is misplaced.

In Price, id., the appellant/wife was denied statutory post-judgment interest because the divorce decree awarded a money judgment as alimony in solido payable in future installments and she was not entitled to the use of any of the money represented by the judgment until each installment was due. All installments were paid when due. The Supreme Court noted in Price, id., at 734:

> In the greater number of cases dealing with the question, interest has been allowed on unpaid alimony. Thus, where the problem arose in respective judgments for alimony in gross, interest has been allowed from the date payment was due under the judgment until payment was made, and, as to unpaid installments interest has been allowed from the date the particular installment matured. Likewise, interest has been allowed on unpaid installments of alimony against the estate of the deceased divorced spouse. The theory upon which interest is allowed in these cases is that a judgment awarding alimony is in the nature of a money judgment. The same result has been reached even where the judgment or installment became due and payable pending an appeal of the judgment awarding the alimony on the theory that the party awarded alimony should not be deprived of it by the prosecution of an appeal. (emphasis ours).

3

We do not believe that Price is analogous to the facts in this case. Here, the divorce decree awarded a cash money judgment to the Wife. She was entitled to immediate use of the money upon entry of the judgment on December 28, 1992. However, she exercised her right to appeal the judgment of divorce. The trial court denied jurisdiction pending the appeal. Wife's appeal was subsequently dismissed by this Court and the $50,000 judgment was paid into the trial court on December 14, 1994. We think the case of Inman v. Inman, 840 S.W.2d 927 (Tenn. Ct. App. 1992), is dispositive of this issue. The Inman facts were that pending wife's appeal the husband withheld, inter alia, payment of a $100,000 cash award to the wife by a judgment of divorce. Subsequently, upon the appeal becoming final, the wife by motion moved the trial court for post-judgment interest from the date of the entry of the divorce decree until the $100,000 be paid. Her motion was dismissed by the trial court. This Court, after citing T.C.A. § 47-14-121, stated:

> Clearly, the plaintiff is entitled to interest at 10% on the $100,000 cash from the date of the decree until paid.
>
> * * * *
>
> The judgment of the Trial Court 'dismissing' (striking or overruling) the motion of plaintiff is reversed.

Inman, at 931, 933.

Rule 41, T.R.A.P., states:

**INTEREST ON JUDGMENTS**
> If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determination by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

The intent of this rule is crystal clear: whether the appeal is affirmed, modified, or dismissed, whatever interest allowed by law (see, e.g. T.C.A. § 47-14-121 and -122) shall (emphasis ours) be payable from date of jury verdict or the equivalent determination in a non-jury case.

We reverse the trial court and hold that appellant, Mary Joyce Scott Beaty, shall be paid by the appellee, Jack Lloyd Beaty, Sr., post-judgment interest at the rate of ten percent (10%) per annum upon the money judgment in this cause of $50,000 from the date of the original judgment on

4

December 28, 1992 until it was paid on December 13, 1994, for which let execution issue if necessary.

The Husband/Appellee insists that if the Wife is entitled to post-judgment interest on the $50,000 judgment, then the Husband is entitled to offset alleged interest owed to him on the assets that the Wife refused to transfer pending the appeal. This claim is, of course, subject to possible proof offered at a hearing before the trial court for that purpose. We do not decide this issue, but remand the case to the trial court for such action that it deems proper.

The cause is remanded to the trial court for enforcement of this judgment and any other proceedings. Costs are assessed against the appellee, Jack Lloyd Beaty, Sr., for

which let execution issue for judgment and costs, if necessary.

_____
WILLIAM H. WILLIAMS, SENIOR JUDGE

CONCUR:

_____
ALAN E. HIGHERS, J.

_____
DAVID R. FARMER, J.