COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DORIS BURNETTE GEDDIS

                                    MEMORANDUM OPINION*
v.         Record No. 3167-96-1    BY JUDGE JOSEPH E. BAKER
                                    SEPTEMBER 23, 1997
WALTER CLARENCE GEDDIS


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Marc Jacobson, Judge

          B. Thomas Reed for appellant.

          Howard E. Copeland for appellee.


     In this appeal from a judgment of the Circuit Court of the
City of Norfolk (trial court), Doris Burnette Geddis (wife)
contends that the trial court erred when it (1) imputed income to
her without supporting evidence and (2) awarded her insufficient
support.  For the reasons that follow, we disagree and affirm the
ruling of the trial court.

     Walter C. Geddis (husband) and wife were married November
27, 1964 in Norfolk.  Husband had recently retired from the Navy
and worked first for a marine supply company and then for twenty
years at Norfolk Naval Shipyard.  The couple raised wife's six
children from two prior marriages.  Wife worked in the home
providing child care services in addition to caring for her own
children.  She earned about $7,000 in the last year she provided

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

child care services before, in December 1991, husband had a heart attack followed by either a stroke or cerebral hemorrhage.

After returning home from the hospital, husband retired. Thereafter, wife cared for him and managed the household until March of 1994. During that month, husband struck wife on the back of her head and left arm and leg with a heavy candle holder, causing serious injuries requiring medical treatment and counseling for wife.

At the time of the commissioner's hearing, wife was one month shy of seventy years of age and suffered from high blood pressure and other ailments. Wife had not been gainfully employed as a bookkeeper for over thirty years and was not so employed during the parties' marriage. However, in 1994, she had begun to perform bookkeeping services on an unpaid basis for a friend who ran Walls' Marina. Wife performed the services of a "full charge bookkeeper" weekly for thirty-five to forty hours.

Husband did not appear at the initial hearing. Appearing at a later hearing, he did not testify but called a retired bookkeeper, Ernestine R. Creech, who testified that she had earned $13 per hour before retiring in July 1994. Creech had reached that rate of pay after twenty-five years as a professional bookkeeper and retired at age sixty-five.

Husband knew that wife performed bookkeeping services for the marina but offered no evidence of what salary, if any, wife was paid for her services, nor the extent of the services she

provided. Nor was any evidence presented as to the marketability of a seventy-year-old woman in wife's state of health.

Husband also did not offer any evidence of his monthly obligations or debts. Husband received more than $1,900[1] per month in gross income from Navy retirement, civil service and Social Security. Wife received $330 per month in Social Security and, by agreement of the parties as wife's equitable distribution award, one-half of husband's $741 monthly retirement from Norfolk Naval Shipyard. Wife claimed $2,000 per month in expenses. The commissioner recommended that husband pay wife $300 per month in spousal support. The trial court imputed income to wife at the rate of $13 per hour and entered a decree consistent with the commissioner's recommendations.

Under familiar principles, we review the evidence "in the light most favorable to the party prevailing below." Wilson v. Wilson, 12 Va. App. 1251, 1254, 408 S.E.2d 576, 578 (1991). "A judgment of the trial court will not be set aside on the ground that it is contrary to the evidence unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986). "The burden is upon the party alleging trial court error to show by the record that the judgment was erroneous." Steinberg v. Steinberg, 11 Va. App. 323, 326, 398

---

[1]This figure does not include wife's share of husband's shipyard retirement.

3

S.E.2d 507, 508 (1990).

"Whether a spouse is entitled to support, and if so how much, is a matter within the sound discretion of the trial court . . . ." Id. at 329, 398 S.E.2d at 510.

Here, the trial court reviewed the commissioner's report and the record and concluded that wife had the capability of earning money by performing bookkeeping work. The record discloses that wife could perform that service at least thirty-five hours per week, and that the marina had a need for that service. We cannot say that the trial court was plainly wrong or that its decree was without evidence to support it when the court imputed income to wife and required husband to contribute only $300 per month toward wife's support.[2] See, e.g., Stubblebine v. Stubblebine, 22 Va. App. 703, 473 S.E.2d 72 (1996) (en banc) (court may impute income to voluntarily unemployed or underemployed spouse).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[2]This opinion shall not be construed to prevent either party from requesting modification of the support upon showing a change of condition justifying such relief.

4